MONDSHINE v. SHORT.

No. 13728.

United States Court of Appeals
Fifth Circuit.

May 8, 1952.

Rehearing Denied June 5, 1952.

Royal H. Brin, Jr., Dallas, Tex., for appellant.

Robert B. Hershey, Dallas, Tex., for appellee.

Before BORAH, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Mrs. Short sued Mr. Mondshine for damages on account of personal injuries suffered by her while riding in an automobile driven by Mr. Mondshine when it collided with another vehicle. The complaint did not charge simple negligence, but alleged:

"The Defendant, although he owed a duty of care for the safety of the Plaintiff and others similarly situated, acted wilfully and intentionally in utter disregard for her safety and in a heedless and reckless manner, without regard to her safety or that of others, committed the following acts of wanton, wilfull and gross negligence as follows:"

There followed ten specific allegations of gross negligence. The complaint was so worded to meet the requirements of the Texas Guest Statute:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others." Article 6701b, Section 1, Vernon's Revised Civil Statutes of the State of Texas.

The purpose of the trip as expressed in the complaint was that they might "have dinner together at a gambling place he knew of on the Fort Worth Highway, said spot being known as the Top of the Hill."

The court refused the defendant's request to give to the jury the following special charge:

"You are instructed that in no event is plaintiff entitled to a verdict unless you find that she has proven by a preponderance of the evidence that the accident in question was intentional on the part of the defendant or caused by his heedless or reckless disregard of her rights."

This requested instruction along with others had been submitted just before the case was argued to the jury and the Court had said simply, "You can pass them up and I will be glad to see them". Just when the court marked the charge refused does not appear.

The court submitted the case to the jury on the erroneous basis of ordinary negligence, requiring the jury to find, and plaintiff to prove, merely that "the driver of the car in which she was a passenger was negligent", and putting the burden on plaintiff merely "to prove negligence", further stating that "she is not entitled to recover, gentlemen, unless she proves to you that the driver was negligent, even though she was his guest." The court then defined negligence as "failure to use that degree of ordinary care which a person of ordinary prudence would use under the same or similar circumstances."

At the conclusion of the court's charge to the jury, it inquired "Any exception for the defendant?" and defendant's counsel replied "No, your Honor."

The appellee vigorously insists upon the application of that part of Rule 51, F.R. C.P., 28 U.S.C.A. which provides:

608

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The appellant asks that we now decide the question which we pretermitted on the petition for rehearing in Atlantic Coast Line R. Co. v. Burkett, 5 Cir., 192 F.2d 941, 945, namely the effect of this requirement of Rule 51 when read in conjunction with Rule 46, and the appellant argues that when the two rules are read together, under the circumstances of this case, the defendant sufficiently made known to the district court the action which he desired the court to take. See Williams v. Powers, 6 Cir., 135 F.2d 153, 156; Wright v. Farm Journal, 2 Cir., 158 F.2d 976, 978; Montgomery v. Virginia Stage Lines, D.C.Cir., 191 F.2d 770, 773.

■■■ In this case we do not find it necessary to reach a decision of that question because the error was so fundamental as not to submit to the jury the essential ingredients of the cause of action. It is one of those exceptional cases where the error is so basic, plain and clear as to prompt this court to consider the question to avoid the injustice which might otherwise result. Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 89 L.Ed. 1495; Dowell, Inc., v. Jowers, 5 Cir., 166 F.2d 214, 221, 2 A.L.R.2d 442; U. S. v. Williams, 2 Cir., 146 F.2d 651; Callen v. Pennsylvania Railroad Company, 3 Cir., 162 F.2d 832, affirmed 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242; Alaska Pacific Salmon Company v. Reynolds Metals Co., 2 Cir., 163 F.2d 643; Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 140 F.2d 13.

■ Apparently for the first time on this appeal, the appellee makes the contention that under the evidence the jury might have found that she was an unwilling passenger rather than a guest of the appellant, and hence that her recovery could be based upon ordinary negligence. Assuming but not deciding that to be true, the complaint was never amended to conform to the evidence as permitted by Rule 15(b), F.R.C.P., and so as to charge mere ordinary negligence. Nor does it appear that the case was tried upon any such theory, or that the defendant in the district court had any notice that it was called on to meet a charge of simple negligence. The district court itself considered Mrs. Short a guest and so charged, although erroneously stating the law applicable to a guest by stating in effect that she need only prove "that the driver was negligent even though she was his guest."

For the refusal of defendant's requested instruction heretofore quoted and for the error of the court in its oral charge, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.