**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**CITY ICE COMPANY, Inc., Appellee.**

No. 17743.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1960.

Rehearing Denied Feb. 11, 1960.

Brown, Circuit Judge, dissented in part.

Bessie Margolin, Asst. Sol., Dept. of Labor, Washington, D. C., Beate Bloch, Atty., Dept. of Labor, Washington, D. C., Harold C. Nystrom, Acting Sol. of Labor, Sylvia S. Ellison, Atty., United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, for appellant.

No attorney for appellee.

Before TUTTLE, BROWN and WISDOM, Circuit Judges.

TUTTLE, Circuit Judge.

The Secretary of Labor appeals from a directed verdict in favor of appellee in this action brought on behalf of two employees for additional compensation provided under the Wage and Hour Law.

The only question is whether on the record made the trial court erred in directing a verdict against the Secretary on the ground that the undisputed evidence was to the effect that the sales of the ice company in question were "recognized as retail sales * * * in the particular industry."

The critical sales were sales of 25 to 40 tons of ice per delivery to shrimp boats at $4.50 net per ton by a company which made sales at its loading ramp at $3.00 per 300 pound block, or at the rate of $20.00 per ton. It was not disputed that the srimp boat sales exceeded 25% of the total sales so that if they were not recognized in the industry as retail sales the employes were covered and the Secretary would be entitled to recover for them.

It must be borne in mind that this exemption depends not upon whether the particular sales *are* retail sales, but on whether they are *recognized in the particular industry* as retail sales.[1] This, of course, is not synonymous with "recognized *by* the industry." Obviously what is recognized *in* a particular industry to be retail can be proved objectively; proof is not restricted to the subjective test of what the members of the industry think of it. See Boisseau v. Mitchell, 5 Cir., 218 F.2d 734.

Here, four industry witnesses, including the president of appellee, testified that in their opinion sales of ice that

[1] The statute exemption which is found in 13(a) (2) of the Act, 29 U.S.C.A. § 213(a) (2) requires that to qualify as a retail establishment it must be one 75% of whose sales "is not for resale and is recognized as retail sales * * * in the particular industry."

were not for resale were retail sales. One witness testified for the appellant that he was manager of the local branch of a large ice company and that in his opinion the sales in question to the shrimp boats were wholesale. On cross-examination he said he would accept as authoritative for the industry an expression contained in the bulletin published by the National Association of Ice Industries to the effect that only sales for resale were wholesale sales.

■■ In view of the fact that the jury had the right to consider all the circumstances surrounding the sales, including the great difference in price between the admittedly retail sales and the large or commercial sales, and to consider the opinion of the industry member favorable to the secretary even though weakened on cross examination, we think the issue should have been put to the jury. The jury was, of course, not bound to accept the opinion evidence of the industry experts. New York Life Ins. Co. v. Johnston, 5 Cir., 256 F.2d 115, 118. The weight to be given to their opinions was, of course, to be weighed in light of their self-interest as well as the reasoning with which they supported them. It was not proper for the trial court to take the case from the jury.

■ The Secretary assigns error because of the refusal of the trial court to permit him to introduce in evidence what he calls a "determination by the Administrator of the Wage and Hour Division, concerning application of the 13(a) (2) and 13(a) (4) Exemptions to Ice Manufacturers and Dealers." This document purports to be an interpretative bulletin. It simply states that, "In applying the tests of 13(a) (2) exemptions all sales of ice will be regarded as retail except: * * * (4) Sales of ice of a ton or more."

It is not clear just what effect the Secretary contends should be given to the document. It does not purport to be a finding to the effect that in the ice industry sales of a ton or more are not considered retail sales. It appears only to be instructions for the attempted enforcement of the act by the administrator. Here, it is, of course, no evidence on the issue of how these sales are considered in the industry. It is not offered as a guide to the court in construing the statute. Cf. Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124. It was tendered in evidence to be considered by the jury in passing on an issue as to which it is completely silent: "what is considered in the industry to be retail?" We conclude that the trial court correctly excluded the document from evidence.

Just as the appellee witnesses were permitted to give as the basis of their opinion their familiarity with the practices in the industry, so could a witness for the Secretary if such a one testified to the contrary, give the basis of his opinion, including the studies made by the Wage and Hour Division. We do not think, under recognized rules of evidence he could be permitted to testify as to the conclusion reached by the Wage and Hour Administrator as expressed in the "determination" here in issue.

We have not been favored by a brief or argument on behalf of appellee, since it appears that appellee is not now represented by counsel. In the absence of such presentation, however, we have endeavored to understand and appreciate the full value of its case. The judgment must be reversed and the cause remanded for further and not inconsistent proceedings.

Reversed and remanded.

JOHN R. BROWN, Circuit Judge (concurring in part and dissenting in part).

I concur readily in the Court's opinion for reversal of the cause for a new trial. With deference, however, I am unable to agree with its treatment of the official Interpretative Bulletin issued by the Administrator of the Wage and Hour Division.

While I must recognize that the matter presents unusual difficulties, it seems to me that any such ruling ignores the statutory position of the Administrator

who is charged with the enforcement of the statute, 29 U.S.C.A. § 204, and whose policies and standards are "entitled to respect," Skidmore v. Swift & Co., 1944, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124, 129.[a]

If, as the Supreme Court states, note a, supra, the Interpretative Bulletins of the Administrator "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance," the question arises as to how they shall be of any effectiveness at all where the trier is a jury unless the jury is somehow made aware of the bulletins. Of course, a question of law might well exist in which the court will have to determine, on the standards [b] laid down in Skidmore, what weight, if any, the jury is to accord to the particular interpretive ruling. But here this court affirms that under no circumstance is the jury to have the benefit of the Administrator's policies which "are made in pursuance of official duty, based upon more specialized experience and broader investigations and information than is likely to come to a judge [or a jury] in

a particular case." Skidmore v. Swift & Co., 1944, 323 U.S. 134, 139, 65 S.Ct. 161, 164, 89 L.Ed. 124, 129.

The courts do accord great weight to the Administrator's rulings in the evaluation of factual cases. Mitchell v. Greinetz, 10 Cir., 1956, 235 F.2d 621, 624, 625, 61 A.L.R.2d 956. That court pointed out that Congress is aware of these administrative interpretive rulings and bulletins by the 1949 Amendments in Section 16(c), 29 U.S.C.A. § 208, and which we have characterized as the "unique imprimatur" which Congress has placed upon these rulings. Libby, McNeill & Libby v. Mitchell, 5 Cir., 1958, 256 F.2d 832, 837.

Here this Court reads this Interpretative Bulletin through a technical microscope. The Court states that it "does not purport to be a finding * * * that in the ice industry sales of a ton or more are not considered retail sales. It appears only to be instructions for the attempted enforcement of the Act by the Administrator." Since the Bulletin has as its express purpose the application of the exemptions of Section 13(a) (2) and

**a.** The Supreme Court there had this to say about the Administrator's rulings. "The rulings of this Administrator are not reached as a result of hearing adversary proceedings in which he finds facts from evidence and reaches conclusions of law from findings of fact. They are not, of course, conclusive, even in the cases with which they directly deal * *. They do not constitute an interpretation of the Act or a standard for judging factual situations which binds a district court's processes, as an authoritative pronouncement of a higher court might do. But the Administrator's policies are made in pursuance of official duty, based upon more specialized experience and broader investigations and information than is likely to come to a judge in a particular case. They do determine the policy which will guide applications for enforcement by injunction on behalf of the Government. Good administration of the Act and good judicial administration alike require that the standards of public enforcement and those for determining private rights shall be at variance only where justified by very good reasons. The fact that the Administrator's policies and standards are not reached by trial

in adversary form does not mean that they are not entitled to respect. This Court has long given considerable and in some cases decisive weight to Treasury Decisions and to interpretive regulations of the Treasury and of other bodies that were not of adversary origin.

"We consider that the rulings, interpretations and opinions of the Administrator under this Act, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. * * *."

**b.** This was summed up by the Court in words which follow immediately the text quoted in note a above:

"The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." Skidmore v. Swift & Co., 1944, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124, 129.

13(a) (4) which speak in terms of the business "recognized as retail sales * * in the particular industry," it seems obvious that the Administrator's use of the term "regarded as retail" was synonymous with a finding that such described sales are not retail sales and any such business would not be a retail establishment under the Act.[c]

The error of this Court is reflected by the brief comments made on how the Administrator can combat testimony, expert or factual, from industry representatives. The Court states "just as the [industry] witnesses were permitted to give as the basis of their opinion their familiarity with the practices of the industry so could a witness for the Secretary if such a one testified to the contrary, give the basis of his opinion, including the studies made by the Wage and Hour Division." This seems to me to have two primary defects. First, the ruling no longer has an institutional character. And second, this subjects the Administrator to cross examination as to the manner in which he performs his office.

As to the first, it must surely be acknowledged that the weighty deference which the Supreme Court accords to the Administrator's rulings, see note a, supra, is only to those made in his institutional status and character as Ad-

ministrator. As such they represent a collective judgment in an institutional corporate sense [d] and are not the mere reflection of the views or decisions or conclusions of individual staff members who may appear as live swearers on the witness stand. As to the second, this requirement that some human being be presented as a witness to testify to an act done by a governmental official disregards the Government Business Records Act.[e] More important, this is the very doing of that which is disruptive of orderly governmental administrative proceeding and which has so long been forbidden. See United States v. Morgan, 1941, 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429, 1435, where the Secretary of Agriculture had been cross examined concerning his decision. "But the short of the business is that the Secretary should never have been subjected to this examination."

The effect of what this Court has done is to obliterate for all practical purposes this Interpretative Bulletin of the Administrator. It permits only that some human being speaking on his own personal knowledge and as a spokesman for those personal views—not official conclusions—shall be allowed to testify. But when thus heard by the jury, or the other trier of fact, the words no longer carry the weight of the collective institu-

---

c. In this respect the practice of the Administrator in the issuance of this Bulletin was quite different from that followed and described by the Supreme Court in note a, supra. Since that time (1934) public notice in the Federal Register must be given for rule-making under the Administrative Procedure Act, 5 U.S.C.A. §§ 1002, 1003. This Interpretative Bulletin recited that "On October 26, 1955, notice was published in the Federal Register (20 FR 8051), that the Administrator * * * proposed to amend Interpretative Bulletin, Part 779 by the addition of a new section applicable to ice manufacturers and ice dealers. Interested persons were given 30 days to submit for consideration, data, views or arguments pertaining to the proposed amendment. No objections have been received." This was dated December 21, 1955 and published in the Fed-

eral Register December 24, 1955. The ruling thus made is now found in 29 CFR Part 779.32.

d. See, Cooper, Administrative Law: The Process of Decision, 44 A.B.A.J. 233 (1958).

e. 28 U.S.C.A. § 1733.
"(a) Books or records of account or minutes of proceedings of any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept.
"(b) Properly authenticated copies or transcripts of any books, records, papers or documents of any department or agency of the United States shall be admitted in evidence equally with the original thereof."

tional judgment of the Administrator as a result of corporate action. They are the words only of the person uttering them with so much weight, more or less, as he, as a human being, and his own personal knowledge and competence, may inspire.

That is inconsistent with the institutional character of the Administrator's rulings to which courts are admonished to give careful respect. Either they are entitled to no weight whatsoever (and this Skidmore repudiates) or they are entitled to be used under appropriate limitations by the particular agency—judge or jury—having the responsibility for drawing the final fact conclusions.

Skidmore accords deferential respect to the Administrator's rulings as an institutional product. They cease to have that status if they must be espoused by some human being on the witness stand.

I therefore respectfully dissent.

Rehearing denied: JOHN R. BROWN, Circuit Judge, dissenting.