W. Willard WIRTZ, Secretary of Labor,
United States Department of Labor,
et al., Appellants,

v.

INTERNATIONAL HARVESTER COM-
PANY, Appellee.

No. 20635.

United States Court of Appeals
Fifth Circuit.

April 15, 1964.

Bessie Margolin, Associate Sol., Dept. of Labor, Washington, D. C., Earl Street, Regional Director, Dept. of Labor, Dallas, Tex., Marvin Menaker, Lawrence P. Hochberg, Dallas, Tex., Charles Donahue, Sol. of Labor, Isabelle R. Cappello, Atty., U. S. Dept. of Labor, Washington, D. C., for appellants.

Hubard T. Bowyer, Dallas, Tex., P. R. Lescohier, Chicago, Ill., Otis E. Nelson, Wichita Falls, Tex., Bowyer & Thomas, Dallas, Tex., for appellee International Harvester Co.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

TUTTLE, Chief Judge:

This is an appeal from a judgment, following a jury verdict, determining that the local "store" of International Harvester Company, in Wichita Falls, Texas, was entitled to the retail or service establishment exemption contained in Section 13(a) (2) of the Fair Labor Standards Act. 29 U.S.C.A. § 213(a) (2).[1]

The litigation was commenced by the filing of a suit by ten individual plaintiffs, employees of the Wichita Falls outlet of the appellee, who sued for alleged unpaid overtime compensation due them under the Fair Labor Standards Act. There is no dispute but that they were underpaid if they were covered employees. The Secretary of Labor was permitted to intervene for the purpose of having the Court enter a declaratory judgment determining whether the employer's Wichita Falls store was a retail and service establishment within the meaning of Section 13(a) (2).

The parties stipulated in the trial court "that over 25% of the defendant's sales of goods and services at its Wichita Falls, Texas, store for the period in question were sales of motor trucks to customers operating five or more automobiles or trucks for business purposes *at a discount.*" (Emphasis added)[2]

In his requested instruction submitted to the trial court, the Secretary included the following proposed special interrogatory: "Are sales of motor equipment, parts and services to operators of five or more vehicles for business purposes *at substantial discount,* regarded as retail *by* the industry of which the defendant's Wichita Falls establishment is a part?" The requested instructions also included the following statement: "All other issues in this case have been eliminated by agreement of the parties and are not for your consideration."

The Court, in its charge to the jury, stated: "The only issue for your determination is whether sales of motor vehicles, by the Wichita Falls store of the International Harvester Company, to operators of five or more vehicles are recognized as retail sales *by* the industry of which that establishment is a part."

The Court then stated that the jury would answer "yes" or "no" to a special issue, that special issue being worded as follows: "Do you find from a preponderance of the evidence that the sale of motor trucks to operators of five or more

---

1. The definition contained in the Act is: "A 'retail or service establishment' shall mean an establishment 75 percentum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services *in* the particular industry." (Emphasis added)

2. In the quotations hereafter certain words will be emphasized by the Court because of their special significance in the discussion of the case.

vehicles for business purposes by the Wichita Falls, Texas, store of the International Harvester Company, are regarded as retail *by* the industry of which such establishment is a part?" The Court omitted any reference to the fact that the sales were at a discount.

The jury answered the special issue "Yes." The Secretary filed a motion for a judgment notwithstanding the verdict, which motion was overruled, and this appeal followed.

On the trial there was substantial documentary evidence introduced showing the nature of sales and services performed by the Wichita Falls store of International Harvester Company. There was testimony by the manager detailing the nature of the business carried on by him, and there was evidence given by several persons identified with either the "automobile" or the "automobile and motor truck" or the "motor truck and farm machinery" industries. The testimony of these persons was all to the effect that all sales of the kinds in evidence, except where they were made for resale, were regarded in the industry as to which they testified as retail sales. This evidence was further supported by an expert who, although he expressed some doubts as to the correctness of the industry's appreciation of the distinction between wholesale and retail, did testify that as he understood the industry the resale test was the distinction between wholesale and retail sales, and that the question of whether sales were made to large purchasers either with or without a discount had no relevance to the issue.

On the Government's side, the expert witness testified that the sales in question made to purchasers of "fleet" quantities at a discount were not regarded in the industry as retail sales.

On this appeal, both the Secretary and the appellee seek, to some degree, to undo what was done by them or, at least, without objection from them, in the trial court. For instance, although International Harvester stipulated that more than 25% of the sales were sales to customers operating five or more automobiles or trucks for business purposes *at a discount,* they now seem to contend that there was a fact issue as to whether there was any discount in the sales involved, claiming, as they do, that each sale was a negotiated sale and that there was no proof from which a jury would be compelled to find the existence of a discount. So, too, does the Secretary seek to raise issues other than those embodied in the special issue, although he agreed in the stipulation that all other issues have been eliminated and were not for the jury's consideration.

Also, and more important, the Secretary here objects that the special issue, as presented to the jury, was clearly and patently erroneous in two respects. The first is that the question as propounded by the Court asked whether such sales were regarded as retail *by* the industry; whereas the statute provides that in order to be entitled to the exemption the sales must be regarded as retail *in* the industry. The second point made by the Secretary is that although the parties stipulated that the sales were made *at a discount* and that a sale at a discount to purchasers of multiple units is one of the important criteria in determining the issue of retail versus nonretail, the trial court omitted the words "at a discount" in the special issue.

Appellee points out that the Secretary made no objection to the charge as given or to the special issue as framed by the Court, and says that under Rule 51 of the Federal Rules of Civil Procedure, "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects in the grounds of his objection." And, likewise, with respect to special verdicts and interrogatories under Rule 49, the burden is on the complaining party to show that he made specific objection to the form of the special verdict.

Moreover, appellee stresses the fact that in his own requests to charge, the Secretary's counsel used the language

"by the industry," rather than "in the industry," whereas appellee, in its requests to charge used the correct formulation.

The Court can well understand the frustration felt by a litigant who completes a complicated trial resulting in a jury verdict in his favor where the issue passed on by the jury has been substantially agreed to by both parties only to have the verdict attacked on appeal on the ground that the wrong issue was presented. Moreover, out of a proper regard for the integrity of the judicial system, and to avoid relatively minor oversights by the trial court being magnified into substantial error on appeal, the Federal Rules, 51 and 49, require the aggrieved party to assign error at the time of the giving of the charge or presenting of the special verdict in order to have the right to challenge errors in the charge or the form of the special verdict on appeal.

■ Nevertheless, when it is apparent, as it was here, that all parties and the Court were thoroughly familiar with the requirement that the International Harvester Company carry the burden of proving how the sales were regarded *in* the industry rather than *by* the industry, it was just as much the responsibility of the appellee to see that the issue was properly phrased as it was that of the Secretary, so far as achieving justice in the case was concerned.

If the Court were here attempting to mete out some degree of sanctions to the party who brought about the erroneous formulation by the trial court, this would be a simpler matter, because it is apparent that the language as relates to the magic word "by" instead of "in" was suggested by the appellant. However, this is not true of the failure of the trial court to include the words "at a discount," which the parties had stipulated to be one of the facts affecting sales. Here, the Secretary requested an inclusion of the words "at a discount," whereas the appellee omitted these words from the special verdict suggested by it. And yet, here too, no objection was made by the Secretary after the Court failed to include this language in its actual charge or in the special verdict as submitted to the jury. There was, of course, the written request filed with the Court.

This litigation is not, of course, a private contest. It is litigation touching upon the proper application of the Wage and Hour law, which has a broad public purpose independent of the rights of the particular persons who appeared as the original plaintiffs in the suit below. Other employees of this local installation may have rights that are affected by the proper determination of this case. Also, the coverage of the Act as to similar installations is delineated by the Courts' decisions with respect to each case presented to them.

In view of the broader interest than that of the immediate litigants in the correct determination of the case before us, we look to see whether this is a case in which the Court should follow the "plain error" rule and consider the grounds of appeal, which amount to plain error even though the requirements of the rules of procedure were not followed. This Court has, of course, recognized its right to consider grounds of appeal, notwithstanding a failure to comply with the requirements of Rule 51. In Mondshine v. Short, 5 Cir., 196 F.2d 606, this Court stated:

"In this case we do not find it necessary to reach a decision of that question [the effect of the requirements of Rule 51 when read in conjunction with Rule 46] because the error was so fundamental as not to submit to the jury the essential ingredients of the cause of action. It is one of those exceptional cases where the error is so basic, plain and clear as to prompt this court to consider the question to avoid the injustice which might otherwise result."

The Supreme Court has said in Hormel v. Helvering, 312 U.S. 552, at page 557, 61 S.Ct. 719, at page 721, 85 L.Ed. 1037:

"Rules of practice and procedure are devised to promote the ends of

justice, not to defeat them. A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy. Orderly rules of procedure do not require sacrifice of the rules of fundamental justice."

■ Here, there is no doubt but that the special issue presented to the jury was wrong. To a trial judge who had not had previous experience with this precise section, the error would not be apparent, because it is an error that arises from a failure to use the precise statutory terminology.

■ Since the parties stipulated that the sales in question were made "at a discount" and since it was stipulated that the Secretary's contention that these were non-retail sales included that ingredient, it was also error for the trial court not to have included this factor in the special issue presented to the jury. Of course, the exact language of the special verdict or special issue is of extreme significance, not only in that it excludes from the jury's consideration all else, but also because it is in the jury room for constant reading and consideration by the members of the jury. If they properly perform their duty they analyze each word of it and consider its significance in light of the testimony given. On this special verdict the jury was, in effect, told that it was not its concern whether the sale to purchasers of more than five vehicles were made "at a discount" or not. They were also told that the question before the jury was whether the members of the industry themselves regarded the sales as retail rather than what objective testimony would prove to their satisfaction was the manner in which these sales are regarded in the industry. We have previously pointed out that this is a significant difference. See Mitchell v. City Ice Co., 5 Cir., 273 F.2d 560.

■ We conclude that the submission of the erroneous issue to the jury and the failure "to submit to the jury the essential ingredients of the cause of action" (Mondshine v. Short, supra) makes this one of the exceptional cases, where the error is so "basic, plain and clear" as to require this Court to reverse the judgment, and remand the case for further proceedings.

■ The appellee has moved to dismiss the appeal of the individual appellants on the ground that they did not file their notice of appeal until after the expiration of the statutory period. It is its contention that the motion for judgment n. o. v., or in the alternative, for a new trial, filed by the Secretary did not extend the time for filing appeal on behalf of the individual plaintiffs. We conclude that this Court has resolved this issue contrary to the contentions of the appellee in Phinney v. Houston Oil Field Material Co., 5 Cir., 252 F.2d 357. The motion to dismiss the appeal of the individual appellants is, therefore, denied.

■ The Secretary contends on this appeal that the trial court should have granted a summary judgment or should have directed a verdict in his favor on the ground that the appellee failed to carry its burden of adducing sufficient proof of the retail nature of these sales to warrant the case being submitted to the jury. While there is considerable confusion as to the precise "industry" with reference to which the several witnesses testified, we conclude that this is a matter that should be left open for consideration in the trial court when a new trial is had, since it is apparent that the Secretary did not file a motion for directed verdict, nor, in his motion for a judgment n. o. v., did he expressly call the attention of the court to the defects of proof on which the motion was based.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.