376 F.2d 999
 Hal F. RACHAL and Norman F. Hoffman, individually and as co-partners d/b/a West Texas Flying Service and West Texas Flying Service, Inc., Appellants,
v.
Billy Joe ALLEN et al., Appellees.
 No. 22915.
 United States Court of Appeals Fifth Circuit.
 April 4, 1967.
 Rehearing Denied May 23, 1967.
 
 Hal Rachal, Midland, Tex., for appellants.
 Bessie Margolin, Assoc. Sol., U. S. Dept. of Labor, Washington, D. C., James F. Gruben, Dallas, Tex., Charles Donahue, Sol. of Labor, Robert E. Nagle, Carin A. Clauss, Attys., U. S. Dept. of Labor, Washington, D. C., Major J. Parmenter, Regional Atty., for appellees.
 Before JONES and COLEMAN, Circuit Judges, and JOHNSON, District Judge.
 JONES, Circuit Judge:
 
 
 1
 Suit was brought for overtime wages claimed for the period March, 1958, through March, 1960, by eight employees of West Texas Flying Service, Inc., a fixed base aeronautics operator engaged in servicing and selling aircraft at two airports in Midland, Texas.[1] The plaintiffs' claims are based on 29 U.S.C.A. § 207. The defendants admit they are liable for the amounts claimed unless their operation qualifies for the statutory retail exemption.[2]
 
 
 2
 Defendants' business consists of: selling new and used aircraft; repairing aircraft and aircraft radios; selling and installing aircraft radios; selling aircraft parts; selling gasoline and oil to aircraft operators; renting hangar space for parking aircraft on a daily or monthly basis; chartering aircraft for trips of passengers or goods; renting aircraft and pilot service; and giving flight instruction. The defendants serviced all comers, no matter the point of origin or the final destination. Two of defendants' customers were cargo lines operating four-motor aircraft, and gasoline was sold to these customers under contract, the price being slightly less than was paid by others.
 
 
 3
 The case was previously heard on plaintiffs' motion for summary judgment. The parties stipulated that defendants' business is that of a fixed base aeronautics operator and is part of the air transportation industry. The plaintiffs' motion was granted by the trial court on the ground that defendants' operation did not qualify for the retail exemption as a matter of law. Defendants appealed, and this Court reversed, Rachal v. Allen, 5th Cir. 1963, 321 F.2d 449, holding that defendants' business was not outside the scope of the retail exemption as a matter of law and that defendants were entitled to a trial to establish, if they could, facts which would satisfy the statutory requirements for exemption. On the first appeal, the Secretary of Labor filed a brief as amicus curiae urging affirmance of the summary judgment. After remand, a trial was had to a jury with the Secretary of Labor appearing as an intervenor.
 
 
 4
 The defendants' witnesses separated defendants' sales into the following categories: aircraft sales, aircraft rental, pilot service, instruction, parts sales, shop income, gas and oil sales, hangar storage, miscellaneous sales (sandwiches, soft drinks, charts, etc.), sales of obsolete equipment and income from sales and repair of radios. For each item, division was further made into sales for resale, sales to military aircraft, and sales within the State of Texas. Defendants' witnesses, qualified by the court as experts as to what is recognized as retail in this particular industry, using these categories, testified as to the total amount received in each category for the two years involved, and then stated what part of each item was sold for resale, what part was recognized as retail in the industry, and what part was sold in Texas. All of the sales were made in Texas. Sales to military aircraft were not considered retail, but discount sales of gasoline to private parties were. The Secretary of Labor produced an expert witness, an employee of the Department of Labor, who stated his opinion that sales in defendants' business were not recognized as retail.[3]
 
 
 5
 The jury, answering special interrogatories, found that over 50 percent of the sales were sales in Texas, over 75 percent of the sales were sales not for resale, and over 75 percent of the sales were recognized as retail sales in the industry. The verdict was for the defendants. The trial judge set aside the verdict and gave judgment for the plaintiffs and the Secretary under the belief that the defendants, a fixed base aeronautics operation, did not possess the retail concept required for exemption. Defendants now appeal from the order setting aside the jury's verdict, and plaintiffs cross-appeal the trial judge's denial of the double recovery provided by 29 U.S.C.A. § 216(b).
 
 
 6
 At trial it was established that defendants leased from the city of Midland the facilities used in their operations; they did not own or operate the airports themselves. Defendants' customers were non-schedule air cargo planes, a few military aircraft, businessmen, pipe-line inspectors (inspecting for private industry), and amateur pilots.
 
 
 7
 The Secretary of Labor urges that the decision of this Court on the prior appeal in this case is not in conflict with the judgment of the trial court from which this appeal has been taken. The Secretary reads the prior opinion as holding that defendants' operation might be outside the scope of the retail exemption as a matter of law and that development of facts revealing the nature of the business was necessary to make this determination. We disagree with this interpretation. This Court, after a thorough recital of the facts describing defendants' business, stated unequivocally that it was a question of fact whether defendants' sales were recognized as retail in the particular industry. The trier of fact is the jury, and the jury found that defendants' sales were recognized as retail. The jury's determination was based on the testimony of expert witnesses presented by both the defendants and the Secretary.[4] Therefore, it seems clear that the decision of the trial court that defendants' business did not possess as a matter of law the requisite retail concept to qualify for the retail exemption directly conflicts with this Court's previous holding that defendants' business was not, as a matter of law, outside the scope of the retail exemption.
 
 
 8
 When an issue of law is decided by an appellate court on appeal and the case is remanded for trial, the issue decided on appeal is closed to further consideration by the trial court. Fontainebleau Hotel Corp. v. Crossman, 5th Cir. 1961, 286 F.2d 926; 1 Moore, Federal Practice, ¶ 0.404[10]. Here, the district court, in setting aside the jury's verdict, failed to follow the mandate of this Court, which is the law of the case. See Rexford v. Royal Indemnity Co., 5th Cir. 1954, 215 F.2d 693. Since the judgment of the district court setting aside the verdict is in conflict with this Court's prior ruling, the prior ruling is controlling on this Court on this appeal. Lumberman's Mutual Casualty Co. v. Wright, 5th Cir. 1963, 322 F.2d 759, cert. den. 354 U.S. 939, 77 S.Ct. 1397, 1 L.Ed.2d 1536; Lincoln Nat'l Life Insurance Co. v. Roosth, 5th Cir. 1962, 306 F.2d 110; cert. den. 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720; Atchison, T. & S. F. Ry. v. Ballard, 108 F.2d 768, 772, cert. den. 310 U.S. 646, 60 S.Ct. 1096, 84 L.Ed. 1413. The verdict should be reinstated.
 
 
 9
 Although this Court has no obligation to reconsider its prior ruling, it may do so. See Lumberman's Mutual Casualty Co. v. Wright, supra, 322 F.2d at 763. The Secretary urges that if the prior decision is in conflict with his position it is incorrect, because it is contrary to his administrative determination that there is no retail concept in the air transportation industry. In view of the great weight to which the Secretary's determinations are entitled, we reexamine the previous decision.
 
 
 10
 Whether or not a business can qualify for the retail exemption is determined first by whether it is a "retail or service establishment." The statute contains a broad definition of "retail or service establishment" — a business whose sales are recognized as retail in the particular industry. This is not the sole test, however. In Mitchell v. Kentucky Finance Co., 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed.2d 815, the Supreme Court held that a loan company was not a "retail or service establishment" no matter what it was considered in the industry because it was obviously not the type of business Congress had intended to exempt. Again in Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694, the Supreme Court reiterated that there are certain businesses which are outside the retail exemption as a matter of law because they are not within the Congressional definition of "retail." The Court there stated that industry recognition was not determinative of what the statute exempted as "retail." 383 U.S. at 199-202, 86 S.Ct. 737.
 
 
 11
 Since the statutory definition of "retail or service establishment" is broad and general, the Secretary of Labor has the task of determining, within statutory limits, which industries have retail concepts. In this case, the Secretary has relied on his blanket determination that the air transportation industry has no retail concept. He has also determined, and it has been stipulated, that defendants' business is a part of that industry.
 
 
 12
 There is no magic in placing a business in a category and then asserting that since it is in that category, it is like all businesses with which it has been placed. Thus the Secretary's argument — there is no retail concept in the air transportation industry; defendants' business is part of this industry; therefore it has no retail concept as required by the statute — assumes the result of the issue we are asked to determine. We do not so consider the issue. The issue is whether, under the statute, there may be, as a matter of law, and if so whether there is as a matter of fact, a retail concept in the defendants' business, notwithstanding the Secretary's determination. It is, of course, the function of the Court, as well as of the Secretary, to interpret the statute. Walling v. La Belle S. S. Co., 6th Cir. 1945, 148 F.2d 198.
 
 
 13
 There is nothing in the statute itself which would indicate that this business was either "retail" or "not retail," and there is no mention of defendants' business in the legislative history of the Wage and Hour Act. The Secretary urges that several decisions dealing with other aspects of the air transportation industry should be persuasive, if not controlling. These decisions are: Wirtz v. Racine Commercial Airport Corp., E.D. Wis. 1962, 46 Labor Cas. ¶ 31,373; Rouch v. Continental Oil Co., D.Kan.1944, 55 F.Supp. 315 (commercial businesses which owned or leased airports which were used for company aircraft not exempt); Wirtz v. Healy, D.C.Ill.1964, 227 F.Supp. 123 (travel agency providing guided tours not exempt). There is one decision which seems to be directly in point, Wallace v. Tennessee Airmotive, Inc., E.D.Tenn.1965, 238 F.Supp. 206, which held a fixed base aeronautics operation was exempt under the retail exemption provisions. The Secretary asserts that this decision is erroneous. The Secretary believes that there is no retail concept in defendants' operation because some aspects of it are regulated by Federal agencies. Since regulation by Federal agencies is imposed for safety purposes, it is difficult to see how the Secretary connects it with wages and hours. The Secretary further supports his position by pointing out that defendants' customers are, in part, businesses engaged in interstate commerce. In making this contention the 1949 amendments to the statute are overlooked. The main purpose of the amendments was to override the prior judicial determinations that retail sales were only those made to private consumers for their own personal use. The 1949 amendments provided that sales to businesses which were not sales for resale might qualify as retail sales. See Idaho Sheet Metal Works, Inc. v. Wirtz, supra.
 
 
 14
 We conclude that the Tennessee Airmotive case was correctly decided. As opposed to those who own and operate airports, fixed base operators are closely akin to the truck stop operator who services — provides gas, oil and repairs — trucks along the highway. Sales in defendants' business are intrastate sales, see Dial v. Hi Lewis Oil Co., W.D.Mo. 1951, 99 F.Supp. 118, and the establishment exists for purposes similar to the gasoline service station. While a fixed base aeronautics operation is part of the air transportation industry, it is on the periphery. Although there may be no retail concept in many facets of the air transportation industry, we do not agree with the Secretary that the statute does not permit any exemption for fixed base aeronautics operators.
 
 
 15
 The Secretary asserts that even if there is a retail concept in defendants' business, defendants did not meet their burden of establishing that 75 percent of the sales were retail sales. The Secretary urges that sales at discount are not retail as a matter of law, and he cites Idaho Sheet Metal Works, Inc. v. Wirtz, 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694, in support of his contention. In that case the Supreme Court held that in the sale of tires, discount sales do not qualify as retail. 383 U.S. at 208-209, 86 S.Ct. 737. The basis for this holding is the determination by the Secretary that sales of tires are retail except when sold at a discount to a fleet account, which is a customer operating five or more vehicles for business purposes. 383 U.S. 207-208 n. 18, 86 S.Ct. 737, citing 29 CFR § 779.373. The Secretary has made no determination concerning discount sales in defendants' or related businesses. Discount sales in some businesses have been held to be retail sales. See Mitchell v. City Ice Co., 5th Cir. 1960, 273 F.2d 560; Dial v. Hi Lewis Oil Co., W.D.Mo. 1951, 99 F.Supp. 118. In the Dial case, discount sales of gasoline to trucks were held to be retail sales.
 
 
 16
 We therefore conclude that the decision on the first appeal in this case was correct, that defendants met their burden of proving themselves entitled to exemption, and that judgment for defendants must be entered. Since we reach this conclusion, we do not need to discuss the issue as to double recovery.
 
 
 17
 The judgment is reversed and remanded with directions to enter judgment on the verdict.
 
 
 18
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 West Texas Flying Service, Inc., a Texas corporation, and West Texas Flying Service, a partnership, were under common ownership and operation, and for the purpose of this litigation, by stipulation, are considered as one
 
 
 [2]
 The provisions of sections 206 and 207 of this title shall not apply with respect to —
 [A]ny employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located * * *. A "retail or service establishment" shall mean an establishment 75 percentum of whose annual dollar volume of sales or services (or both) is not for resale and is recognized as retail sales or services in the particular industry. 29 U.S.C.A. § 213(a) (2).
 
 
 [3]
 It was stipulated by the parties prior to the filing of plaintiffs' motion for summary judgment that Mrs. Edna Nicholson, defendants' former bookkeeper and treasurer of the corporation, was an expert concerning what sales were recognized as retail in the industry and that her testimony would be the same as the testimony of any expert in the industry. This stipulation was before this Court on the prior appeal. When the Secretary produced the Department's expert, he was placed in the position of repudiating Mrs. Nicholson whose qualifications had been established by the stipulation
 
 
 [4]
 See note 3, supra
 
 
 
 19
 JOHNSON, District Judge (dissenting).
 
 
 20
 I would affirm the action of the trial court. One of the basic purposes for the passage — if not the sole purpose — of the retail exemption [29 U.S.C.A. § 213(a) (2)] was to exempt purely local businesses which serve a particular local community and do not, therefore, send their products into the stream of interstate commerce.[1] To me, it follows that the concept of the limited scope of the retail exemption is plainly controlling where — as here — (1) defendants' business of fueling, servicing and storing airplanes, flying chartered cargo and passenger trips, and furnishing planes and pilots for use by others is the very essence of commerce; (2) their business is integrally linked with the operation of the airports at which it is located; and (3) their business, a part of the public transportation system, is controlled by regulations of various federal agencies whose primary concern is interstate commerce. In such a business, the concept of the retail exemption is plainly not applicable. I read what this Court did on remand of this case[2] as only requiring the district judge to permit appellants the opportunity to adduce testimony on this threshold question of whether their activities could be characterized as retail. I do not agree that the remand opinion intended to decide this basic question prior to a development of the facts. In this case, after remand and after the appellants had been given an opportunity to discharge their burden of proof in establishing their exemption under § 213(a) (2), the trial judge, as he is plainly authorized to do under Rule 50, Federal Rules of Civil Procedure, found appellants' evidence on this question insufficient as a matter of law. This is precisely what the Supreme Court of the United States did in Idaho Sheet Metal Works, Inc. v. Wirtz, supra.
 
 
 21
 I therefore respectfully dissent.
 
 
 
 Notes:
 
 
 [1]
 The 1948 amendment was not to break "down in the slightest the exclusion of interstate commerce or interstate business from the purview of the [exemption]." 95 Congr.Rec. 12495, 12483 and 12487
 See also: Idaho Sheet Metal Works, Inc. v. Wirtz, Sec., 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694, February 1966.
 
 
 [2]
 Rachal v. Allen, 5th Cir. 1963, 321 F.2d 449