**Billy Joe ALLEN et al., Plaintiffs,**

v.

**Hal F. RACHAL et al., Defendants,**

**W. Willard Wirtz, Secretary of Labor, U. S. Department of Labor, Intervenor.**

**Civ. A. No. 3253.**

United States District Court
W. D. Texas,
Pecos Division.

Dec. 21, 1967.

Hal Rachal, Kerrville, Tex., for defendants.

M. J. Parmentor, Regional Attorney, U. S. Dept. of Labor, Dallas, Tex., for intervenors.

## ORDER GRANTING INTERVENOR'S MOTION TO SET ASIDE THE TAXING OF COSTS AGAINST INTERVENOR

SUTTLE, District Judge.

On the 11th day of December, 1967, came on for hearing the Motion to Set Aside the Taxing of Costs Against Intervenor in this cause.

This case first began in 1962. Plaintiffs' motion for summary judgment was granted in October of 1962, but the judgment was reversed and the case remanded for a trial on the facts. Rachal v. Allen, 321 F.2d 449 (5th Cir. 1963). After the Secretary of Labor's motion to intervene was granted August 13, 1964, a trial by jury resulted in a verdict in favor of the defendants. On April 20, 1965, however, this Court entered a judgment *Non Obstante Veredicto* in favor of the plaintiffs and intervenor. This was reversed and the case again remanded with instructions to enter judgment on the verdict. Rachal v. Allen, 376 F.2d 999 (5th Cir. 1967). Such a judgment was entered by this Court September 5, 1967. On the same day, pursuant to the order in the judgment that the defendants "recover all of their costs in this behalf expended, for all of which let execution issue," the clerk assessed costs against the plaintiffs and intervenor. Intervenor filed his motion to set aside the taxing of costs as to him on September 9, 1967, under Rule 54(d), Fed.Rules of Civ.Pro.

Rule 54(d) provides that costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. The general statutory provision regarding taxation of costs against the government and its officers was, and is, 28 U.S.C. § 2412. Prior to the 1966 amendments thereto this statute provided:

"(a) The United States shall be liable for fees and costs only when such liability is expressly provided for by Act of Congress."

The recent amendments to this provision, P.L. 89–507, July 18, 1966, 80 Stat. 308, apply "only to judgments entered in actions filed subsequent to the date of enactment of this Act," P.L. 89–507, supra, § 3, and are hence not applicable to this case. The defendants' contention that the next sentence of section 3 qualifies this statement, and requires that the new act apply to actions filed before July 18, 1966, where judgment is filed after that date, is without merit. The statutory language is clear, and clerk's action in taxing costs against the intervenor in this case must be judged under the rules and statutes as they existed prior to the above amendments.

Since this court is aware of, and has been directed to, no "Act of Congress" which would allow the taxation of costs against the intervenor in this case, the general provision of 28 U.S.C. § 2412 (as it read prior to July 18, 1966) and the limitation of Rule 54(d) must control. The Motion to Set Aside the Taxing of Costs Against Intervenor is hereby granted and the Clerk is hereby ordered to so set aside the assessment of costs against the intervenor in this case, and tax costs of this suit solely against the plaintiffs hereto.