756 F.2d 440
 1 Fed.R.Serv.3d 1154
 Clayton A. STACEY, Trustee under the Clayton A. Stacey Trust
Agreement dated February 26, 1975; and Patricia Jane
Stacey, Trustee under the Patricia Jane Stacey Trust
Agreement dated February 26, 1978; Kathleen R. Strayer;
Landelin J. Dillon and his wife, Noreen Dillon; and Martin
A. Brennan, Jr. and his wife, Eileen Brennan (82-1806),
Plaintiffs-Appellants,
Helen T. Gleeson, Trustee under the Helen T. Gleeson Trust
Agreement dated May 8, 1972, and Helen T. Gleeson
(82-1813), Plaintiffs-Appellants,
v.
CHARLES J. ROGERS, INC., a Michigan corporation; Charles J.
Rogers Construction Company, a Michigan
corporation; and William H. Leoni,
jointly and severally,
Defendants-Appellees.
 Nos. 82-1806, 82-1813.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 10, 1985.
Decided March 1, 1985.
 
 Brian J. Stacey, Plymouth, Mich., for plaintiffs-appellants in No. 82-1806.
 Lee C. Patton, Sullivan, Ward & Bone, Michelle Thomas (argued), Detroit, Mich., for plaintiffs-appellants in No. 82-1813.
 Richard C. Sanders, W. Merritt Jones (argued), Hill, Lewis, Adams, Goodrich, Tait, Detroit, Mich., for defendants-appellees.
 Before MARTIN and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 In this securities fraud case, appellants allege that the district court erred in its jury instructions and in not admitting certain parol evidence. Because we find that we do not have jurisdiction over the controversy, we do not reach the substantive merits of the case.
 
 I.
 
 2
 Appellees Charles J. Rogers, Inc. and Charles J. Rogers Construction Company are Michigan corporations primarily engaging in the construction business. Charles J. Rogers founded the corporations and was their sole shareholder until his death in 1971. Charles J. Rogers also managed the day-to-day operations of Charles J. Rogers, Inc., but his son-in-law, William Leoni, also an appellee, ran Charles J. Rogers Construction Company.
 
 
 3
 When Charles J. Rogers died in 1971, his stock in both corporations passed to his nine children. After facing some serious financial difficulties, all of the children except for William Leoni and his wife decided to have the corporations redeem their shares. On May 20, 1975, such a transaction was consummated, and William Leoni effectively became the sole shareholder of both companies.
 
 
 4
 In February 1976, both corporations instituted suit against a third construction company with whom they had entered in joint ventures on a number of road construction projects. The suit resulted in a favorable judgment for the companies of over $700,000. The appellants allege that the companies and Leoni failed to disclose the existence of this claim and that this failure resulted in their stock being substantially undervalued.
 
 
 5
 The appellants, however, did not file one lawsuit against the two companies and Leoni. A group of plaintiffs, including Clayton A. Stacey (the Stacey Group), first filed suit on November 15, 1977. Helen Gleeson, representing herself and a trust as trustee (the Gleeson Group), filed a second suit on November 18, 1980. Finally, a third group, led by Charles K. Rogers (the Charles K. Rogers Group), filed a complaint on April 16, 1981. The actions were consolidated during discovery and were tried together in July, 1982.
 
 
 6
 The jury returned a verdict in favor of the defendants, and the district court entered a judgment on the verdict on August 3, 1982. The Charles K. Rogers Group filed a timely motion for a new trial on August 9, 1984 pursuant to Federal Rule of Civil Procedure 59. The Stacey Group and the Gleeson Group, however, filed untimely motions for a new trial on August 16 and 17 respectively.
 
 
 7
 The district court considered the merits of all of the plaintiffs' motions for new trial together, even though the Stacey Group and the Gleeson Group had not filed timely motions. The district court denied the motions for new trial on September 22, 1982. The Stacey Group and the Gleeson Group filed a notice of appeal within thirty days of this decision pursuant to Federal Rule of Appellate Procedure 4(a). By its own order, this Court raised the issue of whether the notice of appeal had been timely filed.
 
 II.
 
 8
 Whether we have jurisdiction in this case depends on our interpretation of certain parts of Federal Rule of Appellate Procedure 4(a). That rule states in pertinent part:
 
 
 9
 (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer of agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeals is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.
 
 
 10
 * * *
 
 
 11
 (4) If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured for the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.
 
 
 12
 (emphasis added). The time periods of Rule 4(a) are mandatory and jurisdictional. Moorer v. Griffin, 575 F.2d 87, 89 (6th Cir.1978).
 
 
 13
 The appellants argue that their notice of appeal was timely because the Charles K. Rogers Group filed a timely motion for a new trial.[1] They contend that because of this filing, the time of appeal for "all parties" was tolled under Rule 4(a)(4) until the district court ruled on the Charles K. Rogers Group's motion. The appellants would thus interpret the "all parties" provision of Rule 4(a)(4) to include every party in a consolidated trial. In contrast, the appellees would have us interpret "all parties" to include only the parties to the cause of action of the moving party. We agree with this latter interpretation.
 
 
 14
 A consolidation of separate actions for purposes of trial does not merge the independent actions into one suit. As this Court recognized in Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Helpers and Taxicab Drivers, 683 F.2d 131, 133 (6th Cir.1982) (quoting Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933)):
 
 
 15
 Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another.
 
 
 16
 (citations omitted). See also State Mutual Life Assurance Co. of America v. Deer Creek Park, 612 F.2d 259, 267 (6th Cir.1979). Thus, in this case, the consolidation of the Gleeson, Stacey, and Rogers causes of action for trial did not result in the joinder of the parties. Each cause of action retained a separate identity, and each party was responsible for complying with procedural requirements. Because the Stacey Group and the Gleeson Group did not file timely motions for new trial, the thirty-day notice of appeal requirement began running when the judgment was filed. As they did not file a notice of appeal within this thirty-day period, we have not acquired jurisdiction over their appeals.
 
 
 17
 The appellants argue that this is an unjust result because they could not have appealed to this Court immediately following the entry of judgment because of the pendency of the Charles K. Rogers Group's motion for new trial. Citing Martin v. Campbell, 692 F.2d 112 (11th Cir.1982), the appellants claim we could not have entertained an appeal while the district court was considering the motion. The appellants, however, simply misconstrue the law. In Kraft, Inc., 683 F.2d at 133, we clearly stated that "inasmuch as the consolidation of both actions below did not merge the suits into a single cause, it is beyond peradventure that the trial court's decision [to terminate one of the consolidated actions] is a final appealable order." Martin v. Campbell is inapposite as that case involved joined defendants and not consolidated actions.[2]
 
 
 18
 Instead of being unjust, it is perfectly reasonable to require each plaintiff in a consolidated proceeding to follow procedural rules as they apply to each plaintiff. By filing a separate action instead of joining in another party's action, a plaintiff in a consolidated case obviously wants to maintain independent control over his trial strategy and has not wanted to be bound by the actions of another plaintiff. Along with the benefit of retaining independence in decisionmaking from other plaintiffs comes the attendant responsibility of independently following procedural rules.
 
 
 19
 For the foregoing reasons, we find that the timely filing of a motion for a new trial by the Charles K. Rogers Group did not toll the thirty-day notice of appeal requirement for the appellants before us. Their appeal is therefore dismissed as we are without jurisdiction.[3]
 
 
 
 [1]
 The Charles K. Rogers Group has not appealed the district court's decision
 
 
 [2]
 There is precedent to support the view that if one joined plaintiff or defendant moves for a new trial or files a notice of appeal, this motion or notice will be applied to all coplaintiffs or codefendants. See, e.g., Wirtz v. International Harvester Co., 331 F.2d 462, 466 (5th Cir.), cert. denied, 379 U.S. 845, 85 S.Ct. 36, 13 L.Ed.2d 50 (1964). In light of that precedent, the holding in Martin that a motion by a joined defendant for a new trial precludes an appeal by a codefendant is very logical. In this case, where consolidated actions, instead of joined parties are involved, the holding of Martin is inapplicable
 
 
 [3]
 As an alternative request for relief, the appellants have asked us to remand the case to the district judge to determine whether there was excusable neglect for their failure to file a timely notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). Rule 4(a)(5), however, only allows the district judge to extend the time for filing a notice of appeal upon motion filed not later than thirty days after the expiration of the first thirty days. As this thirty-day period has long expired, it would be a futile exercise to remand this case for an excusable neglect inquiry