831 F.2d 296
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PENSION PLAN OF RICHARDS MEDICAL COMPANY, Richards Medical
Company, Barbara Halliburton, Charles R. Force,
Brian J. Splan, and Jack R. Blair,
Plaintiffs-Appellees,
v.
RORER GROUP INC., Brian Dovey, R.H. Thurman, Mark Sickles,
G.B. Rorer and Daniel Paracka, Defendants-Appellants.
 Nos. 87-5856, 87-6000, 87-6137.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Defendant-appellant Rorer Group, Inc. (Rorer) moves to stay the injunctive aspects of the district court's order of June 24, 1987 pending appeal. Plaintiffs-appellees responded in opposition and moved to dismiss appeal no. 87-5856.
 
 
 2
 This action arose under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Secs. 1004-1461, the Declaratory Judgment Act, 28 U.S.C. Secs. 2201 and 2202, and Tennessee state law to determine who controls an overfunded pension plan.
 
 
 3
 On June 24, 1987, the district court granted plaintiffs summary judgment on counts I and III of their complaint. The court declared that Richards Medical Company (Richards) was the sponsor of the employees' pension plan, that its designated committee was the plan administrator, that its designated trustee had a right to custody of the pension plan and that certain assets in the Mellon Bank were plan assets. The district court enjoined Rorer and the other defendants to give the plan's records to the Richard's administrator and to direct the Mellon Bank to transfer the plan's assets. The order also prohibited defendants from exercising any dominion and control over the pension plan except to comply with the order. The court dismissed plaintiffs' state law claim and prayer for punitive damages.
 
 
 4
 Rorer timely moved the district court to reconsider and vacate the June 24, 1987 order and to suspend or modify the injunction pending appeal. Without waiting for a decision, Rorer and the other defendants appealed, (No. 87-5856), then moved for an order from this Court staying the injunction pending appeal.
 
 
 5
 On August 24, 1987, the district court denied the motion for reconsideration and motion for stay pending appeal. However, it modified its prior injunction to require plaintiffs not to terminate, amend or materially increase the benefits payable under the pension plan without giving defendants at least 60 days notice of any proposed change. Defendants timely appealed from the August 24, 1987 order insofar as it denied reconsideration and from the June 24, 1987 order insofar as it granted plaintiffs summary judgment on counts I and III of their complaint and awarded plaintiffs declaratory and injunctive relief. (No. 87-6000). The appeals were consolidated.
 
 
 6
 On September 17, 1987, the district court dismissed count II of the complaint and all other unresolved issues without prejudice, thereby concluding the case below. On October 8, 1987, defendants appealed. (No. 87-6137).
 
 
 7
 A motion which draws into question the correctness of a judgment or order is generally construed as a motion under Fed.R.Civ.P. 59(e), even if captioned as a motion to reconsider. J. Moore, B. Ward, J. Lucas, 9 Moore's Federal Practice p 204. at p. 4-67 (1987). See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). A timely Rule 59(e) motion tolls appeal time for all parties until entry of the order granting or denying the motion. Fed.R.App.P. 4(a)(4). See Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1103 (6th Cir.1985); Stacey v. Charles J. Rogers, Inc., 756 F.2d 440, 441-42 (6th Cir.1985). Rorer's time to appeal from the June 24, 1987 order, insofar as it granted an injunction, did not commence until August 24, 1987 when the district court denied the motion for reconsideration.
 
 
 8
 Under the plain language of Rule 4(a)(4), a notice of appeal filed before the disposition of a time-tolling motion has no effect. A new notice of appeal must be filed within the time prescribed elsewhere in the rule. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam). Rorer did appeal anew, twice. However, the Court does not have jurisdiction of appeal no. 87-5856, and as to it, the motion to dismiss must be granted. See Browder v. Dir., Ill. Dept. of Corrections, 434 U.S. 257, 264 (1978) (the timely filing of a notice of appeal is mandatory and jurisdictional.)
 
 
 9
 The motion for stay of the district court's injunction must be denied as moot. Even if the Court had jurisdiction of the appeal to which it relates, defendants fail to satisfy the criteria for relief pending appeal. See In re DeLorean Motor Co., 755 F.2d 1223, 1228-29 (6th Cir.1985) and cases cited therein.
 
 
 10
 It is ORDERED that the motion to dismiss appeal no. 87-5856 is granted and the motion to stay the injunction pending appeal is denied as moot. Appeals number 87-6000 and 87-6137 are ORDERED consolidated.