894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert BARNETT; Roy Wilson; Kathie Lazette, in their
capacity as Members of the Supervisory Committee
of the Automotive Federal Credit Union,
Plaintiffs-Appellees,
v.
James CROSS, Defendant-Appellant,
James Garrigus; Olga Turner; Robert C. Wilson; Robert
Shopshire; Frank J. Immekus, in their capacity as
members of the Board of Directors of
Automotive Fedeal Credit
Union, Defendants
 No. 89-2260.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendants, members of the Board of Directors of the Flint Automotive Credit Union (AFCU), appeal the district court's order granting a preliminary injunction directing that notices be sent to all AFCU members announcing a special meeting of the membership to consider whether the actions of certain Directors violate the Federal Credit Union Act, 12 U.S.C. Sec. 1751 et seq., and the AFCU's regulations and bylaw's, thereby necessitating removal of those directors. Defendants now move this Court to stay the preliminary injunction. On November 9, 1989, a temporary stay was granted pursuant to Rule 27(c), Fed.R.App.P., pending filing of the findings of fact and conclusions of law entered below as required under Rule 52(a), Fed.R.Civ.P. The plaintiffs, three members of the AFCU's Supervisory Committee, oppose the motion to stay and move to dismiss appeal No. 89-2260 for lack of appellate jurisdiction. Defendant's oppose dismissal.
 
 
 2
 Plaintiffs move to dismiss appeal No. 89-2260 as untimely filed pursuant to Rule 4(a)(4), Fed.R.App.P. Defendants oppose dismissal, asserting that Rule 4(a)(4) does not apply because this appeal is taken under 28 U.S.C. Sec. 1292(a)(1) from the interlocutory order granting a preliminary injunction rather than from a final order pursuant to 28 U.S.C. Sec. 1291. Alternatively, defendants contend that the motion for reconsideration is not a time tolling motion as defined by Rule 4(a)(4).
 
 
 3
 Rule 4, Fed.R.App.P., sets forth the requirements for the proper filing of appeals in civil cases. A notice of appeal may be filed within thirty (30) days from entry of the judgment or order from which an appeal of right may be taken. Rule 4(a)(1), Fed.R.App.P. An order granting a preliminary injunction is a "judgment" for purposes of Rule 4 because it is an appealable order. Rule 54(a), Fed.R.Civ.P.; Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 n. 5 (9th Cir.1984).
 
 
 4
 Any motion which draws into question the correctness of a judgment or order is generally construed as a motion under Rule 59(e), regardless of how the motion is captioned. See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982). See also Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415 (9th Cir.1984); Harcon Barge Co. v. D & G Boat Rentals, 784 F.2d 665 (5th Cir.1986) (en banc), cert. denied, 479 U.S. 930 (1986). A timely Rule 59(e) motion tolls the appeal time for all parties until entry of the order granting or denying the motion. Fed.R.App.P. 4(a)(4). See Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1103 (6th Cir.1985); Stacey v. Charles J. Rogers, Inc., 756 F.2d 440, 441-42 (6th Cir.1985). Under the plain language of Rule 4(a)(4), a notice of appeal filed before the disposition of a time-tolling motion has no effect. A new notice of appeal must be filed within the time prescribed elsewhere in the rule. See Acosta v. Louisiana Dept. of Health, 478 U.S. 251 (1986) (per curiam); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 5
 In the present case, the district court's order denying the preliminary injunction was entered on the docket on October 30, 1989. The defendants' "Motion for Reconsideration or Stay of Order for Preliminary Injunction" was filed on November 6, 1989. A notice of appeal was filed on November 9, 1989, five days before entry of the district court's order denying reconsideration, and docketed in this Court as Appeal No. 89-2260. As the notice of appeal was filed before the disposition of the motion for reconsideration, the Court does not have jurisdiction over appeal no. 89-2260, and the motion to dismiss is granted for lack of jurisdiction. Consequently, the temporary stay heretofore granted is vacated.