962 F.2d 1177
 22 Fed.R.Serv.3d 663
 James Louis ADVEY, et al., Plaintiffs,
Horace Lee Bratcher; Daisy Marie Frazier Bratcher; John
Leonard Bratcher; Edwina Faye Mayfield Bratcher; Francis
Paul Creger; Patricia Ann Gregory Creger; Ray Anthony
Dickens; Iris Elaine Bennett Dickens; Billy Norman Hibdon;
Thelma White Davis Hibdon; Cecil Ray Hunter; Sinda Barber
Hunter; James Earl McPheron; Shirley Ann Gilliam McPheron;
John Wesley Millican; Willodean Durham Millican; John
Walter Moore; Ruby Lee Gordon Moore; Alfred Clement
Swider; Cecil Ray Todd; Nettie Joy Barrett Todd; Dennis
Ray Turner; Rene Louis Willemin; Mary Lou Brewer Willemin;
Ann Hall Sparks, individually and for the use and benefit
of the next of kin of Richard Stanley Sparks, deceased,
Plaintiffs-Appellants,
v.
The CELOTEX CORPORATION, et al., Defendants,
Owens Corning Fiberglas Corporation; Garlock, Inc.; Anchor
Packing Company; H.K. Porter Company, Inc.,
Defendants-Appellees.
James Louis ADVEY, et al., Plaintiffs,
Ann Hall Sparks, individually and for the use and benefit of
the next of kin of Richard Stanley Sparks,
deceased, Plaintiff-Appellant,
v.
The CELOTEX CORPORATION, et al., Defendants,
Owens Corning Fiberglas Corporation, Defendant-Appellee.
 Nos. 90-6233, 90-6319.
 United States Court of Appeals,
Sixth Circuit.
 Nov. 15, 1991.
Decided April 28, 1992.
Rehearing and Rehearing En Banc
Denied June 16, 1992.
 
 Michael Y. Rowland (argued and briefed), James R. LaFevor (briefed), Rowland & Rowland, Knoxville, Tenn., for plaintiffs-appellants.
 Harry P. Ogden, Gerald L. Gulley, Jr., Lewis, King, Krieg & Waldrop, Knoxville, Tenn., Leonard F. Pogue, III (argued), Morton, Lewis, King & Krieg, Nashville, Tenn., Harmon S. Graves (argued), Charles Q. Socha, Greg L. Perczak, David D. Schlachter, David M. Setter, Robert O. Kristufek, Tilly & Graves, John W. Grund (briefed), Montgomery, Green, Jarvis, Kolodny & Markusson, Denver, Colo., for defendant-appellee Owens Corning Fiberglas Corp.
 G. Kevin Hardin, Martin L. Ellis, William D. Vines, Brian C. Quist, Butler, Vines, Babb & Threadgill, Knoxville, Tenn., for defendant-appellee Rock Wool Mfg. Co.
 John W. Baker, Jr., Weldon E. Patterson (argued and briefed), Jay Baker, Poore, Cox, Baker, Ray & Byrne, Knoxville, Tenn., for defendant-appellee Anchor Packing Co.
 Paul R. Leitner, John B. Curtis, Jr. (argued and briefed), Leitner, Warner, Moffitt, Williams, Dooley & Carpenter, Chattanooga, Tenn., for defendant-appellee Garlock, Inc.
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and HILLMAN, Senior District Judge.*
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 Plaintiffs in Case No. 90-6233 appeal summary judgment dismissing defendants from this consolidated action involving claims for injuries allegedly caused by exposure to asbestos. Defendants rely on Fed.R.App.P. 4(a)(4) to challenge this court's jurisdiction. Plaintiff Ann Hall Sparks brings a separate appeal from the district court's ruling that Sparks's claim is barred by the statute of limitations.
 
 
 2
 We read Rule 4(a)(4) to prohibit jurisdiction in Case No. 90-6233. For the reasons indicated below, we affirm the summary judgment ruling and reverse the district court's holding on Sparks's statute of limitations claim.
 
 
 3
 * This litigation began on July 29, 1987 when twenty plaintiffs, not including Sparks, filed a products liability suit against sixteen defendants ("Advey I "). The plaintiffs worked at the Firestone Tire Manufacturing plant in LaVergne, Tennessee from 1972 until at least the mid-1980's. Some of the plaintiffs still work at the plant, which was purchased in 1983 by Bridgestone Tire Manufacturing USA, Inc., a non-party to this litigation.
 
 
 4
 A blizzard of motions, responses, and judicial orders followed the original complaint. On September 15, 1987 plaintiffs filed a motion to amend the complaint by adding Sparks as a plaintiff. Eight days later the district court denied the motion and dismissed Advey I for lack of subject matter jurisdiction.
 
 
 5
 Another lawsuit was filed on September 21, 1988 (Dist.Ct. Case No. 3-88-0799 or "Advey II "). Advey II identified twenty plaintiffs, including Sparks, and named seventeen defendants, fourteen of whom were named in Advey I. R.T. Vanderbilt Co., one of the defendants named in Advey I, was inexplicably omitted from the complaint in Advey II. This omission was corrected on January 26, 1989 when the Advey II plaintiffs filed a separate suit against Vanderbilt (Dist.Ct. Case No. 3-89-0075). In February 1989 the district court consolidated the two cases and issued a scheduling order.
 
 
 6
 Following the district court's ruling that the plaintiffs were not diligent during discovery, the defendants' motions for summary judgment were granted. The court found that the plaintiffs had failed to establish a genuine issue of material fact supporting the claim that asbestos products proximately caused their injuries.
 
 
 7
 The court also dismissed the claim by plaintiff Sparks against defendants Crane, Vanderbilt, Owens-Corning, Anchor Packing, and Sepco. The court observed that Sparks's claim was not brought within the period provided by the statute of limitations. This appeal followed.
 
 II
 
 8
 * We first address the threshold issue of appellate jurisdiction. In February 1989 the suit against defendant Vanderbilt was consolidated with the original case filed by the same group of plaintiffs. On August 23, 1990 the district court entered an order containing both case numbers. The order 1) dismissed without prejudice Sparks's claim against defendants Crane, Vanderbilt, Owens-Corning, Anchor Packing, and Sepco; 2) dismissed without prejudice all plaintiffs' claims against Vanderbilt as barred by the statute of limitations, and 3) dismissed with prejudice the claims against defendants Crane, Sepco, Garlock, Anchor Packing, Porter, Empire Ace, Celotex, National Friction, Rock Wool, and Owens-Corning.
 
 
 9
 Vanderbilt responded on September 4, 1990 by filing a Rule 59(e) motion to alter the judgment to a dismissal with prejudice in the suit involving Sparks. Fed.R.Civ.P. 59(e). On September 21, 1990 fourteen plaintiffs filed a notice of appeal from the August 23 order. The case docketed from this appeal is Case No. 90-6233.
 
 
 10
 On September 28, 1990 the district court granted Vanderbilt's Rule 59(e) motion to dismiss with prejudice Sparks's claim against Vanderbilt, Crane, Owens-Corning, Anchor Packing, and Sepco. The court also dismissed with prejudice the claims of all plaintiffs against Vanderbilt as barred by the statute of limitations. Sparks's appeal was timely filed on October 12, 1990 and docketed as Case No. 90-6319.
 
 
 11
 Resolution of the jurisdictional issue in Case No. 90-6233 is governed by Fed.R.App.P. 4(a)(4), which provides:
 
 
 12
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
 
 
 13
 The notice of appeal in Case No. 90-6233 was filed on September 21, 1990, during the pendency of the Rule 59(e) motion. Under Rule 4(a)(4), "[a] notice of appeal filed before the disposition of [a Rule 59 motion] shall have no effect."
 
 
 14
 The Supreme Court has strictly construed Rule 4(a)(4). See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). In Griggs the Court held that a premature notice of appeal was "as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act." Id. at 61, 103 S.Ct. at 403.
 
 
 15
 Application of the unambiguous language of Rule 4(a)(4) and of Supreme Court precedent to the facts before us can lead to only one result. The notice of appeal filed by plaintiffs on September 21, 1990 was premature and renders Case No. 90-6233 a nullity. This court lacks jurisdiction to act in that case.
 
 
 16
 The plaintiffs rely on Stacey v. Charles J. Rogers, Inc., 756 F.2d 440 (6th Cir.1985), to argue that Vanderbilt's Rule 59(e) motion only tolled the time of plaintiffs' appeal of the judgment in favor of Vanderbilt, not the appeal from the judgment for the other defendants. On this view, only Vanderbilt is immunized by the pending Rule 59 motion from the untimely September 21 notice of appeal.
 
 
 17
 Stacey involved the consolidated action of three groups of plaintiffs. Following the judgment, one group filed a timely Rule 59 motion and the other two groups filed untimely Rule 59 motions. This court said that it lacked jurisdiction to hear the appeals of the latter two plaintiffs. The court reasoned that "it is perfectly reasonable to require each plaintiff in a consolidated proceeding to follow procedural rules as they apply to each plaintiff." Id. at 442-443.
 
 
 18
 Stacey does not support jurisdiction here. First, jurisdiction was absent in Stacey because of a failure to comply with the 30-day filing requirement, not due to a notice of appeal filed during the pendency of a Rule 59 motion.
 
 
 19
 Second, plaintiffs in this case filed a notice of appeal during the pendency of a motion involving their own claims. The plaintiffs attempt to divorce Vanderbilt from other defendants and to suggest that appeals against the other defendants are justiciable on the basis of the September 21 notice.
 
 
 20
 But practically speaking, Vanderbilt's Rule 59 motion meant that all plaintiffs had pending action in the district court on September 21. The pending motion involved not only all plaintiffs, but also defendants Owens-Corning and Anchor Packing, both of whom were named in the September 21 notice of appeal. Accepting jurisdiction under these circumstances would run afoul of the principle that two courts ought not have simultaneous jurisdiction over a case. Griggs, 459 U.S. at 58, 103 S.Ct. at 401-02.
 
 
 21
 Admittedly, the fact that these two suits were consolidated introduces potential confusion regarding the independence of each case on appeal. Fed.R.Civ.P. 42(a) affords the district court discretion concerning the purposes and scope of consolidation. The underlying objective is to administer the court's business "with expedition and economy while providing justice to the parties." 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971). We are mindful of the principle that consolidation of separate actions does not merge the independent actions into one suit.[1] Stacey, 756 F.2d at 442.
 
 
 22
 The two suits consolidated here, however, involve substantially similar claims and identical plaintiffs. The primary difference arises from the fact that Vanderbilt was inadvertently omitted from the complaint in Advey II, and a separate suit was required to ascertain Vanderbilt's liability. When the scope of consolidation is broad, the issues and parties virtually identical, and one suit is the result of an inadvertent omission of the defendant's name from the complaint, we do not believe that the parties suffer an injustice by treating the consolidated cases as one for the purpose of considering the timeliness of the notice of appeal.[2] In substance, the two consolidated cases are functionally equivalent. We decline the plaintiffs' invitation to hold otherwise by substituting form for substance.
 
 B
 
 23
 Next we consider Sparks's submission that her claim is not barred by the statute of limitations. Grants of summary judgment are reviewed de novo. EEOC v. University of Detroit, 904 F.2d 331 (6th Cir.1990). Under the Erie doctrine, federal courts are to apply state substantive law in diversity cases. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The law of Tennessee controls.
 
 
 24
 Tenn.Code Ann. § 28-3-104 is the governing statute of limitations for products liability cases and provides that injured persons have one year from the date of an injury in which to file an action. Sparks first learned of his injury on February 19, 1987. Advey II was filed over nineteen months later, on September 21, 1988. If Advey II represents Sparks's first legal action, his claim is time barred.
 
 
 25
 To avoid this result Sparks refers us to Tennessee's "saving statute," which affords a second chance to those whose "actions" were commenced within the period provided by the statute of limitations. Tenn.Code Ann. § 28-1-105 (1980). Section 28-1-105 provides:
 
 
 26
 (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.
 
 
 27
 We must determine whether Sparks commenced any action between February 19, 1987 and February 18, 1988. The filing of Advey II falls outside this statutory window of opportunity.
 
 
 28
 Sparks submits that the September 15, 1987 motion to amend the complaint is an action within the meaning of the saving statute. Tenn.Code Ann. § 28-1-101 defines actions as including "motions, garnishments, petitions, and other legal proceedings in judicial tribunals for the redress of civil rights." Sparks argues that her claim is "saved" by section 28-1-105 because the motion to amend is an action commenced within the one-year limitation period.
 
 
 29
 The district court disagreed and relied on Tenn.R.Civ.P. 3, which provides that "[a]ll civil actions are commenced by filing a complaint with the court." The court reasoned that because Sparks's motion was not a complaint, Sparks was barred by the statute of limitations.
 
 
 30
 The relationship between Tenn.R.Civ.P. 3 and Tennessee's saving statute is no stranger to this court. See Lee v. Crenshaw, 562 F.2d 380, 382 (6th Cir.1977); FDIC v. Cureton, 842 F.2d 887 (6th Cir.1988). In Crenshaw we relied on Tennessee cases to find that the availability of the saving statute is a function of notice to the defendant and diligence by the plaintiff. Crenshaw, 562 F.2d at 382.
 
 
 31
 There is no evidence that Sparks acted in bad faith or was less than diligent. The plaintiffs' filing of a motion to amend the complaint to add Sparks served to put the defendants on notice regarding Sparks's claim. Federal Rule 15(a) permits parties to amend once "as a matter of course," and adds that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Indeed, modern-day pleading is not "a game of skill in which one misstep by counsel may be decisive to the outcome." Foman v. Davis, 371 U.S. 178, 181-182, 83 S.Ct. 227, 229-230, 9 L.Ed.2d 222 (1962) (quoting Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).
 
 
 32
 In light of the plain terms of Tenn.Code Ann. § 28-1-101 and our duty to liberally construe pleading rules, we find that Sparks's motion to amend was an action for the resuscitative purpose of the saving statute. Sparks's claim is therefore not barred by the statute of limitations.
 
 III
 
 33
 To sum up, plaintiffs in Case No. 90-6233 failed to file a timely notice of appeal under Fed.R.App.P. 4(a)(4), depriving this court of jurisdiction over their claims. In Case No. 90-6319, we reverse the district court's judgment that Sparks was barred by the statute of limitations from participating in this litigation.
 
 
 34
 HILLMAN, Senior District Judge, dissenting.
 
 
 35
 I concur in the majority's holding on the statute of limitations issue involving plaintiff Sparks in Case No. 90-6319. However, I respectfully dissent from the majority's resolution of the jurisdictional issue as to the group of plaintiffs who filed their notice of appeal in Case No. 90-6233 during the pendency of Vanderbilt's Rule 59(e) motion.
 
 
 36
 After Advey I was dismissed for lack of subject matter jurisdiction, plaintiffs brought two related actions in the district court. The first of these, Advey II, named seventeen defendants. It was assigned Case No. 3-88-0799 at the district court level. Advey II did not name Vanderbilt as a defendant. The second action, brought by the same group of plaintiffs, named a single defendant, Vanderbilt. This action was assigned Case No. 3-89-0075 at the district court level. The two cases were consolidated by the district judge. After the district judge issued an order dismissing the claims, Vanderbilt, the sole defendant in Case No. 3-89-0075 but not a defendant in 3-88-0799, filed a motion under Rule 59(e) requesting the court to amend the judgment. During the pendency of this motion plaintiffs filed a single notice of appeal bearing the case number of each of the consolidated cases. The district judge subsequently issued an order amending the judgment. Plaintiffs did not file another notice of appeal.
 
 
 37
 The appeal docketed in this court as Case No. 90-6233 involves the validity of the notice of appeal filed in the two cases consolidated by the district judge. Defendants assert that, because the joint notice of appeal bearing both case numbers was filed during the pendency of Vanderbilt's Rule 59(e) motion, the notice of appeal was a nullity. Plaintiffs, on the other hand, claim that while their notice of appeal was a nullity as to their suit against Vanderbilt, the notice of appeal was valid as to their suit against the seventeen defendants of Advey II. They contend that Vanderbilt's Rule 59 motion to amend the judgment could have no effect on the consolidated but separate suit against the other seventeen defendants. Hence, according to plaintiffs, their appeal was proper and this court has jurisdiction.
 
 
 38
 The majority concludes that this court does not have jurisdiction to hear the appeal in Case No. 90-6233. They assert that Federal Rule of Appellate Procedure 4(a)(4) mandates that result. Rule 4(a)(4) provides:
 
 
 39
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
 
 
 40
 I agree that the Supreme Court has strictly construed Rule 4(a)(4), holding that an appeal filed during the pendency of a Rule 59 motion is a "nullity." See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). Thus, "it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act." Id. This conclusion, however, is not dispositive of the issue before this court where the two cases are not joined as one but merely consolidated.
 
 
 41
 Proper resolution of the question before the court requires an analysis of the effect of consolidation of the two cases at the trial level. Another panel of this court has recently reiterated the long-standing rule that consolidation of two cases by the district court does not merge the two cases into one. See Stacey v. Charles J. Rogers, Inc., 756 F.2d 440, 442 (6th Cir.1985). Stacey involved three lawsuits filed by three separate groups of plaintiffs, the Rogers group, the Stacey group, and the Gleeson group. Each suit named the same group of defendants. The cases were consolidated for trial. After the jury found for defendants, the Rogers group filed a timely Rule 59 motion for a new trial. The Stacey and Gleeson groups, however, filed untimely motions for new trial. The district court nevertheless considered all the motions on their merits and denied them. The Stacey and Gleeson groups then filed notices of appeal within thirty days of the order denying the motions for a new trial, but more than thirty days after the jury verdict. This court held that it did not have jurisdiction over the appeals by the Stacey and Gleeson groups because the notices of appeal were not filed within thirty days of the jury verdict. Although the three cases had been consolidated by the District Judge, nevertheless this court held that the timely motion for a new trial filed by the Rogers group could not toll the time for filing of notices of appeal by the Stacey and Gleeson groups because the Rogers group was not a party to the suits by the Stacey and Gleeson groups. This court explained:
 
 
 42
 A consolidation of separate actions for purposes of trial does not merge the independent actions into one suit.... "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties or make those who are parties in one suit parties in another." ... Each cause of action retain[s] a separate identity, and each party [is] responsible for complying with procedural requirements.
 
 
 43
 Id. (quoting Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97, 53 S.Ct. 721, 727-28, 77 L.Ed. 1331 (1933)) (citations omitted). See also Patton v. Aerojet Ordnance Co., 765 F.2d 604, 606 (6th Cir.1985) (failure of some plaintiffs to comply with discovery orders could not be grounds for dismissing cases of plaintiffs in consolidated actions) (citing Stacey ).
 
 
 44
 In the present case, Vanderbilt was not a party to Advey II. For that reason, the filing of a Rule 59 motion by Vanderbilt could not affect the timing for filing a notice of appeal in Advey II, just as in Stacey the Rogers Group's filing of a Rule 59 motion could not affect the time for filing of notices of appeal in the other consolidated cases.
 
 
 45
 Consolidation of cases under existing case law must be carefully distinguished from joinder. Where defendants are joined in a lawsuit, a timely Rule 59 motion filed by one defendant tolls the time for filing a notice of appeal for each of the other joined defendants. Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986).
 
 
 46
 The majority treats the two consolidated cases as a practical matter as in fact being joined. Several arguments are advanced in support of this position. One is that the plaintiffs allegedly filed two separate lawsuits only because they inadvertently failed to name Vanderbilt as a defendant in Advey II. Another is that the parties and issues are virtually identical in the two separate cases. A third is that the scope of the district court's consolidation order was broad.
 
 
 47
 I note initially that the record fails to support the conclusion that plaintiffs filed the separate lawsuit against Vanderbilt because they inadvertently failed to name Vanderbilt in Advey II, the suit against the other seventeen defendants. In their brief opposing defendants' motions to dismiss the appeal for want of jurisdiction, plaintiffs claim that the lawsuits were filed separately because the defendants in the two lawsuits manufactured different types of material. They claim further that the seventeen defendants in 3-88-0799 manufactured asbestos products. However, they allege that Vanderbilt, the sole defendant in 3-89-0075, manufactured talc and chemical products which, while not initially containing asbestos, ultimately became contaminated with asbestos material. Thus, the court's asserted reliance on plaintiffs' inadvertence as the reason for the filing of separate lawsuits is unjustified.
 
 
 48
 Secondly, the majority's holding, in my judgment, creates an unworkable exception to the clear and easily administered rule that parties in consolidated cases remain separately responsible for complying with procedural rules. The exception requires the district court to make factual findings regarding the reasons that the lawsuits were filed separately. As a result, until such factual findings are made, neither the district court nor any of the parties will know whether the parties to one of the consolidated cases could, by filing Rule 59 motions in the district court, affect the procedural rules that apply to parties to the other consolidated cases. The parties themselves will be thrown into uncertainty and will need to make repetitive filings in order to protect their rights.
 
 
 49
 Moreover, a holding that the facts of this case warrant an exception to the general rule will leave the district judges uncertain of their jurisdiction. A timely notice of appeal confers jurisdiction on the court of appeals and divests the district court of jurisdiction. Griggs, 459 U.S. at 58, 103 S.Ct. at 402. Under the majority's holding, district courts in consolidated cases will not be able to act with certainty regarding their jurisdiction over post-judgment motions. Rather, the district courts will need first to make special inquiry into the factual circumstances surrounding the separate filing of the cases to determine whether the exception applies.
 
 
 50
 In addition, creative trial counsel will seek to have the proposed exception expanded to factual circumstances other than those presented in this case, and will seek to apply its rationale to situations involving other procedural rules. The majority's holding invites pointless haggling over such questions as whether parties and issues are sufficiently "identical" to justify application of the exception and whether the scope of consolidation in a particular case is sufficiently "broad" to justify application of the exception. The majority's opinion also fails to clarify whether such considerations are required factors for application of its exception or whether other similar considerations will suffice in future cases.
 
 
 51
 The resulting confusion will defeat the purposes of consolidation. The majority's exception offers no benefits that warrant creating such confusion. At best, it offers wily litigants who prevail at trial an opportunity to confuse their opponents and perhaps deprive them of an appeal by maneuvering on post-judgment procedures.
 
 
 52
 The majority states that its holding is necessary in order to avoid running afoul of the principle that two courts should not have concurrent jurisdiction over the same case. In my view that principle is not implicated here, as the appeal involves two separate cases. This court has held that jurisdiction over one of several consolidated cases is proper while the district court retained jurisdiction over the remaining cases. See Stacey, 756 F.2d at 442. In Stacey we held that a plaintiff may appeal from a final judgment in a case involving consolidated lawsuits even during the pendency of a Rule 59 motion filed by plaintiffs in the other consolidated case. In the present case, because of Vanderbilt's pending motion, the district court retained jurisdiction over the case involving Vanderbilt. However, the notice of appeal conferred jurisdiction on this court over the separate case involving the other defendants.
 
 
 53
 I note, lastly, that I am not opposed, in principle, to a holding that in all situations involving consolidated cases a Rule 59 motion by one party would toll the time for filing of notices of appeal as to all parties of all the consolidated cases. Such a rule would be easy to administer, and would establish a bright line that is easy for litigants and judges to discern. However, I see no reason for abandoning what, in my view, is the equally clear rule that until now has been the rule of this circuit. Nor do I see any reason for blurring the bright line of that rule as the majority does today.
 
 
 54
 Thus, I submit it is better practice to adhere to the clear rule that litigants in consolidated cases remain separately responsible for complying with procedural rules. The majority's holding abrogating this rule on the basis of particular factual considerations will create an unwarranted procedural bog not only for litigants but also for the trial courts. I would hold that the notice of appeal filed in the Case No. 3-88-0799 against the seventeen defendants other than Vanderbilt was valid and confers jurisdiction on this court to hear the appeal from that case.
 
 
 55
 Therefore, we should reach the merits of this appeal.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 The dissent relies on dicta from Stacey to suggest that we are not sufficiently mindful of this principle. We underscore that Stacey's analysis of appellate jurisdiction in a consolidated case did not consider the effect of the pendency of a Rule 59 motion on the timeliness of a filing by other parties. The plaintiffs in Stacey were denied an appellate hearing because they failed to file a notice of appeal within 30-days. Precedential reasoning must begin in the proper identification of a case's ratio decidendi. Where the ratio of an earlier case is distinct from that of the case before us, we must resist the temptation to apply dicta from the earlier case
 
 
 [2]
 The dissent submits that we place an undue fact-finding burden on the district judge and provide opportunity for wily litigants to undermine the goals of consolidation. These conjectures are especially misplaced where, as here, a district judge need only be more precise when identifying the case(s) to which the parts of a consolidated order apply. Had the district court provided such additional detail in its August 23rd order, no subsequent confusion need have arisen. This strikes us as the most workable approach of all