United States Court of Appeals,

Fifth Circuit.

No. 94-10366

Summary Calendar.

In the Matter of Charles S. CHRISTOPHER, Debtor.

Charles S. CHRISTOPHER, Appellant,

v.

DIAMOND BENEFITS LIFE INSURANCE COMPANY, Appellee.

Oct. 18, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Charles S. Christopher appeals the judgment of the district court dismissing his appeal as untimely. For the following reasons, the judgment of the district court is reversed and this case is remanded to the bankruptcy court.

BACKGROUND/PROCEDURAL HISTORY

On July 24, 1991, Charles S. Christopher filed an adversarial proceeding in the bankruptcy court against Diamond Benefits Life Insurance Company ("Diamond Benefits") and twelve other defendants. He sought a declaration that his bankruptcy discharge barred the prosecution of several pending lawsuits that had been filed against him in several different states. The thirteen defendants were divided into four different groups by the bankruptcy court: the Diamond Benefits Group, the Sequa Group, the RHI Group, and the American Universal Group.

On September 23, 1992, the adversarial proceeding was tried on its merits. At issue was whether Christopher or his affiliated agents and representatives had provided constitutionally adequate notice of his bankruptcy to Diamond Benefits and the other defendants. At the conclusion of part of Christopher's case-in-chief, Diamond Benefits moved to dismiss Christopher's claim against it. The bankruptcy court issued an oral rule on the record granting Diamond Benefits' motion to dismiss; a written judgment confirming this ruling was rendered on November 4, 1992. Christopher filed a motion for rehearing on the motion for dismissal which was denied on December 11, 1992.

On December 30, 1992, the bankruptcy court rendered a judgment against the other three groups of defendants, 148 B.R. 832. On January 8, 1993, Christopher filed a notice of appeal. On January 11, 1993, one of the defendants in the Sequa Group filed a motion for additional findings of fact. On January 15, 1993, the bankruptcy court denied the motion for additional findings of fact.

On February 17, 1993, Diamond Benefits filed a motion to dismiss Christopher's appeal. This motion was denied. On February 18, 1993, Christopher filed a motion for extension of time to appeal. The bankruptcy court granted this motion without a hearing or written reasons. On the same day, Christopher filed another notice of appeal. On February 26, 1993, Diamond Benefits filed a notice of cross-appeal and a motion for reconsideration of Christopher's motion for extension of time. The bankruptcy court denied this motion on March 16, 1993.

On appeal, the district court found that the bankruptcy court had abused its discretion in granting Christopher's motion for additional time to file an appeal. The court held that Christopher's first notice of appeal had been nullified by the motion for additional findings of fact and that the second notice of appeal was untimely. It also found that there was no excusable reason for the tardiness of the notice of appeal. Christopher appeals the judgment of the district court.

## LEGAL PRECEPTS

Parties have ten days to appeal the judgment of the bankruptcy court. Fed.R.Bankr.P. 8002(a). Under Fed.R.Bankr.P. 8002(b):

> If a timely motion is filed in the bankruptcy court by any party: (1) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (2) under Rule 9023 to alter or amend the judgment; or (3) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

If the time period for an appeal is tolled by one of the above motions, then any notice of appeal filed before the disposition of the motion is nullified. *Id.* The time for an appeal runs anew from the time the motion is granted or denied. Fed.R.Bankr.P. 8002(c). A court may extend the time for an appeal upon a showing of excusable neglect. *Id.*

## DISCUSSION

*Perfection of Appeal Argument*

Christopher initially contends that Diamond Benefits' notice of appeal was nullified when it filed a motion for reconsideration of the motion to dismiss appeal on the same day as the notice of

3

appeal. He argues that the motion for reconsideration was made under Fed.R.Bankr.P. 9023.[1] Thus, under Fed.R.Bankr.P. 8002(b), the time period for an appeal was tolled until the motion was decided and a new notice of appeal had to be filed. We disagree.

In *Fox v. Brewer,* 620 F.2d 177 (8th Cir.1980), the court found that a motion for reconsideration of a motion to dismiss an appeal was not the type of motion that would toll the appeal period under Fed.R.Civ.P. 4(a). *Id.* at 179. *See also, Reinbold v. Dewey County Bank,* 942 F.2d 1304, 1307 (8th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 1499, 117 L.Ed.2d 639 (1992). Fed.R.App.P. 4(a) and Fed.R.Bankr.P. 8002(b) are similar in regards to the types of motion that will toll the time period for appeal and nullify previously filed notices of appeal. *See* Fed.R.Civ.P. 8002 advisory committee note (stating that Fed.R.Civ.P. 8002 is an adaptation of Fed.R.App.P. 4(a)). We therefore hold that Diamond Benefits' motion for reconsideration of motion to dismiss an appeal is not the type of motion that would toll the appeal period under Fed.R.Bankr.P. 8002(b). Correspondingly, Diamond Benefits did not need to file a new notice of appeal.

*Timely Notice of Appeal Argument*

Christopher contends that the trial court erred in holding that his first notice of appeal was nullified. On its face it would appear that Christopher's first notice of appeal was nullified, because it was filed more than ten days after the Sequa

---

[1]In actuality, Christopher cites Fed.R.Civ.P. 59; however, Fed.R.Bankr.P. 9023 makes Fed.R.Civ.P. 59 applicable to cases under the Bankruptcy Code.

Group defendant's motion for additional findings of fact was denied. *See* Fed.R.Bankr.P. 8002(b). Christopher argues that the motion for additional findings of facts did not affect his January 8, 1992 notice of appeal because a motion for additional findings of fact by one group of defendants does not affect the time period to file an appeal for another group of defendants. He relies on *Stacey v. Charles J. Rogers, Inc.,* 756 F.2d 440 (6th Cir.1985), to support this proposition.

In *Stacey,* several groups of plaintiffs had sued the defendant corporation for fraud in connection with a stock repurchase. The plaintiffs had filed several different suits which had been consolidated. A judgment was rendered against all of the plaintiffs. One group of plaintiffs in one of the consolidated actions filed a motion for new trial. The court held that the motion for new trial, which would normally toll the time period to file an appeal, did not delay the time period that the plaintiffs in the other consolidated actions had to appeal. 756 F.2d at 442. Christopher argues that the principle in *Stacey* should apply in this case and that a motion for additional findings filed by the defendant in the Sequa group would not affect the appeal period for the other three groups of defendants. We disagree.

The court, in *Stacey,* based its holding on the fact that each group of plaintiffs was in a separate action. *Stacey,* 756 F.2d at 442. It stated that "[e]ach cause of action retained a separate identity, and each party was responsible for complying with procedural requirements." *Id.* In the instant case, the defendants

5

are not in separate actions;  they are co-defendants in a single action.  The division of groups was not based on separate actions, but was instead an easy reference to determine the commonality of issues and law between the defendants.  Thus, the rationale in *Stacey* is not apropos to this case.

Moreover, even if the rationale in *Stacey* did apply, Christopher's notice of appeal still would be untimely.  The denial of the rehearing on the judgment favoring Diamond Benefits was rendered on December 11, 1992.  Thus, Christopher would have had ten days from this denial of his motion to appeal and not ten days from the judgment against the other defendants to appeal.  *See* Fed.R.Civ.P. 8002(b).  Therefore, even under Christopher's own logic, the first notice of appeal was filed untimely.

*Excusable Neglect Argument*

Christopher contends that even if his notice of appeal was filed untimely, excusable neglect exists because of the confusion of law on this issue.  A court may extend the time for an appeal upon a showing of excusable neglect.  Fed.R.Bankr.P. 8002(c).  The district court found Christopher's confusion on the law did not constitute excusable neglect.  It applied a very high standard of excusable neglect, rejecting any negligence by the attorney as an excuse.  However, the utilization of such a standard was error in light of the Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* --- U.S. ---
-, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In *Pioneer,* creditors in a Chapter 11 bankruptcy sought an

6

extension of a bar date for filing proofs of claim, alleging excusable neglect. The attorney in the case had forgotten to file the proof of claim because the bar date had been buried in a stack of paper. The Supreme Court held that an attorney's inadvertence could constitute excusable neglect. *Pioneer Investment,* --- U.S. at ---- - ----, 113 S.Ct. at 1498-1490. The court rejected the notion that excusable neglect can only encompass those actions beyond the movant's reasonable control. *Id.* at ----, 113 S.Ct. at 1494. The court stated that excusable neglect at bottom is an equitable consideration "taking account of all relevant circumstances surrounding the party's omission." *Id.* at ----, 113 S.Ct. at 1498 (footnote omitted). These circumstances include the danger of prejudice to the debtor, the length of the delay including whether it was within the reasonable control of the debtor, and whether the movant acted in good faith. *Id.*

Although the court in *Pioneer* was interpreting the standard of excusable neglect under Fed.R.Bankr.P. 9006(b)(1), we find this application of excusable negligence applies to appeals from the bankruptcy court. In its opinion, the Supreme Court used standards from different places in the Federal Rules of Civil Procedure in determining the standards of excusable neglect. *See Pioneer Investment,* --- U.S. at ---- - ----, 113 S.Ct. at 1497-1498 (using the relaxed standard of excusable neglect in Fed.R.Civ.P. 60(b) as a reason for determining the standard for excusable neglect in the bankruptcy rules). One other circuit has used the standard of excusable neglect in a non-bankruptcy appeal. *See United States v.*

7

*Hooper,* 9 F.3d 257, 259 (2d Cir.1993) (using the standard enunciated in *Pioneer Investment* to determine whether the failure to file a timely criminal appeal was due to excusable neglect).

## CONCLUSION

The district court erred in applying a standard of excusable neglect that excludes an attorney's negligence. However, the bankruptcy court made no findings of fact when it granted the extension. Such findings are necessary. *Morin v. United States,* 522 F.2d 8, 9 (4th Cir.1975). We therefore remand this case to the bankruptcy court to determine whether excusable neglect exists. The judgment of the district court dismissing Christopher's appeal is REVERSED and this case is REMANDED to the bankruptcy court.