51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MUSIC MERCHANTS, INC., Debtor.
RUS, MILIBAND, WILLIAMS & SMITH, Appellant,
v.
Ronald TAXE, Appellee.
 No. 94-55075.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 31, 1994.
Decided March 20, 1995.
 
 Before: GIBSON,** HUG and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The law firm of Rus, Miliband, Williams & Smith appeals from an order of the Bankruptcy Appellate Panel ("BAP") dismissing the firm's appeal regarding its application for fees in connection with a bankruptcy case. The BAP held that a motion for reconsideration filed by another lawyer involved in the case rendered ineffective the firm's notice of appeal. We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 Music Merchants, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 15, 1987. A Trustee was appointed and the bankruptcy court approved the employment of Rus, Miliband, Williams & Smith ("RMW & S") as the Trustee's counsel and Kaplan & Swicker as accountants to the Trustee. T. Edward Malpass was approved as counsel for the unsecured creditors' committee. The bankruptcy court ordered these parties to file their final applications for professional compensation and reimbursement of expenses ("fee applications") by May 18, 1992. A hearing on the fee applications was held on May 29, 1992, after which the applications were taken under submission. On September 17, 1992, the bankruptcy court entered a single order regarding the final fee applications and dismissed the case.
 
 
 4
 On September 25, 1992, RMW & S filed a notice of appeal challenging the bankruptcy court's disposition of its fee application. On that same day, Malpass filed a motion for reconsideration of the bankruptcy court's order. RMW & S did not file a new notice of appeal after the court ruled on Malpass' motion.
 
 
 5
 The Bankruptcy Appellate Panel ("BAP") dismissed RMW & S' appeal as untimely under Fed.R.Bankr.P. 8002(b) due to Malpass' motion for reconsideration. RMW & S appealed to this Court. We affirm.
 
 DISCUSSION
 
 6
 The issue on appeal is whether Malpass' motion for reconsideration rendered ineffective RMW & S' notice of appeal requiring a new notice of appeal after the disposition of Malpass' motion. Fed.R.Bankr.P. 8002(b) provides:
 
 
 7
 If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: ...
 
 
 8
 (2) to alter or amend the judgment under Rule 9023; ...
 
 
 9
 (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.
 
 
 10
 On appeal, RMW & S argues that the single order regarding the various fee applications should be construed as four separate judgments, so Malpass was not a "party" to RMW & S' final fee application within the meaning of the Rule. Since Malpass' motion concerned a separate judgment, the argument goes, it had no effect on RMW & S' ability to appeal. RMW & S also contends that even if Malpass is considered to be a party to RMW & S' final fee application, he lacked standing to file a motion for reconsideration regarding RMW & S' application.
 
 
 11
 RMW & S offers no support for its contention that the single order regarding the fee applications constitutes four separate judgments. Instead, it cites cases involving consolidation of separate cases. See, e.g., United States v. Tippet, 975 F.2d 713 (10th Cir.1992) (holding that separate appeals disposed of in a single opinion did not merge them into a single case); Soo Line R. Co. v. Escanaba & Lake Superior R. Co., 840 F.2d 546 (7th Cir.1988) (distinguishing administrative and substantive consolidation); Mendel v. Production Credit Ass'n, 862 F.2d 180, 182 (8th Cir.1988) (holding that consolidation for administrative convenience did not merge the actions into one); Stacey v. Charles J. Rogers, Inc., 756 F.2d 440 (6th Cir.1985) (stating that "[a] consolidation of separate actions for purposes of trial does not merge the independent actions into one suit").
 
 
 12
 None of the cases RMW & S cites is binding precedent on this Court and its attempt to analogize this case to a consolidation for administrative convenience fails. This is not an instance where several separate and independent actions were grouped together solely to facilitate administration; rather this case involves four applications for professional fees filed pursuant to a single bankruptcy petition and resolved in one final order of the bankruptcy court.
 
 
 13
 RMW & S argues that its fee application has no impact on, and is wholly unrelated to, Malpass' and the others' applications. But it is indisputable that the applications are related to each other, not only because they all pertain to the same bankruptcy petition, but because all of the applications seek compensation from a finite source of funds. Because the money in the bankruptcy estate is limited, the fee applications become interdependent: any fees paid to one applicant would be unavailable to another. RMW & S' position would allow independent appeal, and independent consideration of the fee applications, which would complicate and delay the disposition of the estate, contrary to the clear policies of our bankruptcy laws. See, e.g., Bailey v. Glover, 88 U.S. (21 Wall.) 342, 346 (1874) ("It is obviously one of the purposes of the Bankrupt law, that there should be a speedy disposition of the bankrupt's assets."); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1237 (3d Cir.1994) (The "animating policy" behind the laws that determine what procedural rules apply to bankruptcy cases is "the efficient disposition of bankruptcy cases."); Bostwick v. United States, 521 F.2d 741, 744 (8th Cir.1975) ("[T]he Bankruptcy Court must have the power ... [to] administer the bankrupt's estate in an orderly and efficient manner, and fulfill the ultimate policy of the Bankruptcy Act.").
 
 
 14
 Because the bankruptcy court issued only one final order regarding all four applications, there is only one judgment. Malpass clearly had standing to move to reconsider that judgment. In re International Environmental Dynamics, Inc., 718 F.2d 322, 326 (9th Cir.1983). RMW & S' notice of appeal was filed while the motion for reconsideration was pending, making it "premature," a "nullity" and of "no effect." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). Thus, since "[t]he requirement of a timely notice of appeal is mandatory and jurisdictional," Munden v. Ultra-Alaska Assoc., 849 F.2d 383, 386 (9th Cir.1988) (citing Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978)), the BAP properly dismissed RMW & S' appeal.
 
 CONCLUSION
 
 15
 Bankruptcy Rule 8002(b) provides that if "any party " files a motion for reconsideration, the time for appeal is tolled, and a notice of appeal filed before the disposition of that motion is ineffective. The final order constituted a single judgment; therefore all four applicants were "parties" to the order. There is no specific additional standing requirement in the Rule. All that is required is a motion by a party, and all other appeals are precluded.
 
 
 16
 Therefore, the BAP's order dismissing RMW & S' appeal is affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 Senior United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation