United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2007

Charles R. Fulbruge III
Clerk

I n the
# United States Court of Appeals
## for the F ifth Circuit

_____

m 06-20673
Summary Calendar

_____

IN THE MATTER OF
RICHARD J. POLLAK,

Debtor.

RICHARD J. POLLAK,

Appellant,

VERSUS

HOMESIDE LENDING, INC.,

Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
m 4:06-CV-1269

_____

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:[*]

A bankruptcy court denied Richard Pollak's
motion to extend the time for filing a notice of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has de-
(continued...)

---

[*](...continued)
termined that this opinion should not be published
and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

appeal. We affirm.

## I.

Pollak brought an adversary bankruptcy action against Homeside Lending, Inc. ("Homeside"), in regard to Homeside's servicing of his home mortgage loan. He was awarded some damages, but the bankruptcy court denied some of his claims. He did not file a notice of appeal within the time allotted under Federal Rule of Bankruptcy Procedure 8002(c)(2). Four days after that deadline, he filed a motion to extend the time for filing a notice of appeal, but the bankruptcy court denied the motion.

Pollak testified that after he was awarded his judgment, his attorney gave him the impression that he could appeal within 20 to 30 days of the judgment. His attorney informed him that she would not represent him on appeal. Pollak sought other representation. In the course of obtaining other counsel, he spoke to one lawyer who told him time was of the essence for his appeal. Finally, when he met with his current attorney, Pollak learned that the time to appeal had expired.

## II.

A bankruptcy court may permit a late filing "where the failure to act was the result of excusable neglect." FED. R. BANKR. P. 9006-(b)(1). A court determining whether a party's conduct resulted from excusable neglect must take into account all relevant circumstances surrounding the failure, including the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the debtor acted in good faith. *Christopher v. Diamond Benefits Life Ins. Co. (In re Christopher)*, 35 F.3d 232, 236 (5th Cir. 1993) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S.

380, 395 (1993)). We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Universal Seismic Assocs., Inc. v. Harris County (In re Universal Seismic Assocs., Inc.)*, 288 F.3d 205, 207 (5th Cir. 2002). We review for abuse of discretion the court's finding that Pollak's failure to file a timely notice of appeal was not due to excusable neglect. *See Pioneer*, 507 U.S. at 398.

Pollak argues that his late filing was caused by excusable neglect: It was occasioned by misinformation, he urges, and Homeside would not be prejudiced by the short delay. Also, he asserts that nothing in the record supports a finding of bad faith.

The bankruptcy court, applying the correct legal standards, found Pollak's failure to file timely did not result from excusable neglect. During the ten-day window in which Pollak could have timely filed his appeal, he had been told that time was of the essence, so the reason for the delay was within his control. He knew he needed to file an appeal within a specific time, but he did not seek to determine what that time frame was. This is merely a usual case of failing to file on account of "inadvertance, ignorance of the rules, or mistakes construing the rules." *Pioneer*, 507 U.S. at 392. There is no abuse of discretion.

The judgment of the district court is AFFIRMED.