IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 25, 2011 Session

## AUBREY E. GIVENS ET AL. v. VANDERBILT UNIVERSITY ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 10C3764      Amanda Jane McClendon, Judge**

_____

**No. M2011-00186-COA-R3-CV - Filed October 28, 2011**

_____

The question in this case is whether the trial court properly granted the defendants' motion for summary judgment and dismissed the plaintiffs' medical malpractice action. Because the lawsuit before this court was not filed within the applicable statute of limitations, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Aubrey Timothy Givens, Nashville, Tennessee, for the appellants, Aubrey E. Givens, Administrator of the Estate of Jessica E. Givens, deceased, and Aubrey E. Givens and Jessica R. Givens, individually.

Erin Palmer Polly and Steven Edward Anderson, Nashville, Tennessee, for the appellees, Vanderbilt University(The), d/b/a Vanderbilt University Hospital, and Dr. David Slosky.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 2007, Aubrey E. Givens, administrator of the estate of Jessica E. Givens, and Aubrey E. Givens[1] and Jessica R. Givens,[2] individually, filed suit in the Circuit Court of Davidson County against Vanderbilt University, Vanderbilt University Hospital, Dr.

_____

[1]Aubrey E. Givens is the surviving spouse of the deceased, Jessica E. Givens.

[2]Jessica R. Givens is the adult child of the deceased, Jessica E. Givens.

David Slosky, and John Doe alleging causes of action for negligence and/or medical malpractice. According to the complaint in the lawsuit ("Lawsuit 1"), Jessica E. Givens was admitted to Vanderbilt University Hospital on September 8, 2006, and Dr. Slosky performed a cardiac intervention on September 11, 2006. The plaintiffs alleged that, as a result of the defendants' negligence and/or medical malpractice, Ms. Givens suffered injuries, including her death on August 28, 2007, and they themselves suffered injuries. On June 5, 2009, the plaintiffs voluntarily dismissed Lawsuit 1.

On June 3, 2010, the same plaintiffs filed another lawsuit ("Lawsuit 2") in the Circuit Court of Davidson County against the same defendants as in Lawsuit 1, except that John Doe was not named as a defendant. The complaint in Lawsuit 2 is essentially the same as the complaint in Lawsuit 1 with the addition of the following paragraph:

> Plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they are competent under T.C.A. § 29-26-115 to express opinion(s) in this case and believe, based on the information available from the medical records concerning the care and treatment of the Plaintiff for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of T.C.A. § 29-26-115. (See, attached Certificate of Good Faith.)

Lawsuit 2 remains pending in the trial court. The same day as the filing of Lawsuit 2, June 3, 2010, the plaintiffs provided the defendants with written notice of their medical malpractice claim.

On September 24, 2010, the same plaintiffs filed a third suit ("Lawsuit 3") against the same defendants as in Lawsuit 2.[3] The complaint in Lawsuit 3 is identical to the complaint in Lawsuit 2 with the exception of the addition of four paragraphs describing the satisfaction of the statutory notice requirements on June 3, 2010. In the fourth of these additional paragraphs, the plaintiffs allege:

> The Plaintiff[s] timely complied with the notice requirements of T.C.A. § 29-26-121(a) by giving notice and the documents required by T.C.A. § 29-26-121(a) to defendant Vanderbilt University (The) d/b/a Vanderbilt University

---

[3]While Lawsuit 3, like the other two lawsuits, alleges "statutory and common law negligence and/or medical negligence and/or medical malpractice," the plaintiffs do not dispute on appeal that the case is governed by the statutes applicable to medical malpractice.

Medical Center and David Slosky M.D. more than 60 days before the filing of this Complaint.

Documentation establishing the provision of the statutory notice is attached to the complaint in Lawsuit 3.

On October 6, 2010, the plaintiffs moved to consolidate Lawsuit 2 and Lawsuit 3. The defendants filed a motion for summary judgment in Lawsuit 3 on October 21, 2010, asserting that Lawsuit 3 was barred by the doctrine of prior suit pending and the statute of limitations and was "simply an improper attempt to cure Plaintiffs' previous failure to comply with the notice requirement of T.C.A. § 29-26-121." On December 20, 2010, the trial court entered an order granting the defendants' motion for summary judgment and dismissing with prejudice all of the plaintiffs' claims against the defendants in Lawsuit 3. Although there is no relevant order in the record, the parties agree that the trial court denied the plaintiffs' motion to consolidate.

The plaintiffs appeal the dismissal of Lawsuit 3.

STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson,* 100 S.W.3d 202, 205 (Tenn. 2003). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz,* 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we must determine whether factual disputes exist. *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993). If a factual dispute exists, we must determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Id.; Rutherford v. Polar Tank Trailer, Inc.,* 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). To shift the burden of production to the nonmoving party who bears the burden of proof at trial, the moving party must negate an element of the opposing party's claim or "show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 8-9 (Tenn. 2008).

ANALYSIS

It is important to clarify at the outset that the case on appeal before this court is Lawsuit 3. We are asked to determine whether the trial court erred in dismissing Lawsuit 3.

The statute of limitations applicable to medical malpractice actions is generally one year from the date of discovery. *See* Tenn. Code Ann. § 29-26-116; *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998). Under the discovery rule, the statute of limitations begins to run "when the patient 'discovers, or reasonably should have discovered, (1) the occasion, the manner, and the means by which a breach of duty occurred that produced [the patient's] injuries; and (2) the identity of the defendant who breached the duty.'" *Shadrick*, 963 S.W.2d at 733 (quoting *Stanbury v. Bacardi*, 953 S.W.2d 671, 677 (Tenn. 1997)).

In this case, the plaintiffs initially filed suit on September 10, 2007, concerning wrongful acts alleged to have occurred on or about September 11, 2006, and leading to the death of Ms. Givens on August 28, 2007. We can safely assume, therefore, that discovery occurred prior to September 10, 2007.[4] Lawsuit 1 was nonsuited on June 5, 2009. Pursuant to the savings statute, Tenn. Code Ann. § 28-1-105,[5] the plaintiffs had one year from June 5, 2009, within which to commence a new action and still retain the original filing date for purposes of the statute of limitations. *See Payne v. Matthews*, 633 S.W.2d 494, 496 (Tenn. Ct. App. 1982).

Lawsuit 2 was filed within the one-year savings period–on June 3, 2010. Lawsuit 3, however, was not filed until September 24, 2010; the plaintiffs acknowledge in their statement of the evidence that Lawsuit 3 was filed outside of the one-year savings period. The decision of the trial court to grant summary judgment to the defendants was proper because Lawsuit 3 was not filed within the statute of limitations.

The plaintiffs argue that, instead of dismissing Lawsuit 3, the trial court should have consolidated Lawsuit 2 and Lawsuit 3. This argument is without merit. Tenn. R. Civ. P. 42.01 allows a trial court to consolidate "actions involving a common question of law or fact." Rule 42.01 states that the court "may order" actions to be consolidated; use of the word "may" has been interpreted as an indication that the court has discretion to determine

---

[4]As the defendants point out, the filing of the plaintiffs' first lawsuit on September 10, 2007, suggests that discovery occurred on September 11, 2006.

[5]Tenn. Code Ann. § 28-1-105(a) states, in pertinent part:

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

whether consolidation is appropriate in a given case. *See Van Zandt v. Dance*, 827 S.W.2d 785, 787 (Tenn. Ct. App. 1991). The purpose of Rule 42.01 consolidation is to promote judicial economy. *See McMillin v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00342-COA-R3-CV, 2009 WL 749214, at *3 (Tenn. Ct. App. Mar. 23, 2009). Consolidation "does not create one action." *Id.* Two (or more) consolidated lawsuits remain separate actions; therefore, it logically follows that consolidation cannot cure defects in either lawsuit. *See id.*; *City of New Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810, at *9 (Tenn. Ct. App. Aug. 16, 2005); *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992); *Stacey v. Charles J. Rogers, Inc.*, 756 F.2d 440, 442 (6th Cir. 1985); *McKenzie v. U.S.*, 678 F.2d 571, 574 (5th Cir. 1982).

Thus, even if the trial court had chosen to consolidate Lawsuit 2 and Lawsuit 3, that decision would not have changed the fact that Lawsuit 3 was not filed within the statute of limitations.[6]

CONCLUSION

The judgment of the trial court is affirmed. The costs of this appeal are taxed against the plaintiffs, and execution may issue if necessary.



ANDY D. BENNETT, JUDGE

---

[6]The apparent impetus for the plaintiffs' filing of Lawsuit 3 was that they did not follow the directives of Tenn. Code Ann. § 29-26-121 in Lawsuit 2. Under Tenn. Code Ann. § 29-26-121(a), a person "asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be named defendant at least sixty (60) days before the filing of the complaint . . . ." A court may "excuse compliance with this section only for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b). The requirement of 60 days pre-filing notice was in effect at the time when the plaintiffs filed Lawsuit 2 on June 3, 2010. *See DePue v. Schroeder,* No. E2010-00504-COA-R9-CV, 2011 WL 538865, at *7 (Tenn. Ct. App. Feb. 15, 2011) (perm. app. denied Aug. 31, 2011); *Myers v. AMISUB* (SFH), *Inc.*, No. W2010-00837-COA-R9-CV, 2011 WL 664753, at *1 (Tenn. Ct. App. Feb. 24, 2011) (perm. app. granted Aug. 23, 2011). Lawsuit 2 is not before this court in this appeal, and nothing in this opinion should be construed as commenting upon any issues in that action.